[Cite as *Matrix Acquisitions, LLC v. Hooks*, 2011-Ohio-3033.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MATRIX ACQUISITIONS, LLC | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10CA111 |
| TIMOTHY HOOKS | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Case No. 2010 CV 557 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | June 15, 2011 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| PARRI J. HOCKENBERRY<br>JACKSON T. MOYER<br>Cheek Law Offices, LLC<br>471 E. Broad St., 12th Floor<br>Columbus, Ohio 43215 | BRIAN J. CHISNELL<br>UAW-GM Legal Services Plan<br>1075 National Parkway, P.O. Box 2668<br>Mansfield, Ohio 44906 |

*Hoffman, J.*

{¶1} Defendant-appellant Timothy Hooks appeals the August 25, 2010 Judgment Entry of the Richland County Court of Common Pleas entering summary judgment in favor of Plaintiff-appellee Matrix Acquisitions, LLC.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 7, 2010, Appellee Matrix Acquisitions LLC ("Matrix") filed a Complaint against Appellant Timothy Hooks asserting Appellant owed a debt arising from a Chase Bank USA credit card account purchased by Matrix. The credit card was issued by Chase Bank USA/First USA ("Chase").

{¶3} After Appellant filed his Answer, Matrix filed a motion for summary judgment supported by an affidavit of an unidentified custodian of Matrix, a Bill of Sale from Chase to Dodeka, LLC dated December 1, 2008, an Assignment of Accounts and Waiver of Notice of Transfer of Claims from Dodeka, LLC to Matrix dated March 5, 2010, Bank One/Chase Bank Billing Statements for the period of February 27, 2003 to November 25, 2006, six checks from Appellant payable to Chase for the period of September 22, 2006 to April 19, 2007, and Appellant's responses to discovery requests.

{¶4} Via Judgment Entry of August 25, 2010, the trial court entered judgment in favor of Matrix in the amount of $5,966.94, plus interest of $5,186.82 through July 15, 2010 and further interest at 4% thereafter.

{¶5} Appellant now appeals, assigning as error:

{¶6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT PLAINTIFF/APPELLEE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT."

{¶8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ.R. 56(C), which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving

party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997–Ohio–259, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

I.

**{¶10}** Appellant asserts the trial court erred in applying the incorrect statute of limitations in this matter.   Appellant argues because Bank One and Chase were Delaware corporations and the billing statements originated in Delaware, it is presumed Delaware law controls under the cardholder agreement.   Delaware law mandates a three-year statute of limitations for actions on an account.   Title 10 of Delaware Code Section 8106.

**{¶11}** Appellant asserts pursuant to Ohio's borrowing statute, found in R.C. 2305.03, the cause of action herein accrued in Delaware, therefore the Delaware statute of limitations governs the action.   Further, Appellant suggests the choice of law provision in the cardholder agreement most likely specifies Delaware law should govern the action.

**{¶12}** Matrix did not offer the cardholder agreement into evidence.   Rather, Matrix argued either a fifteen-year statute of limitations for written contracts, pursuant to Ohio Revised Code Section 2305.06, applies to this action, or a six-year statute of limitations for unwritten contracts, pursuant to Ohio Revised Code Section 2305.07, applies.

**{¶13}** "The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws to govern conflict of law issues. *Cole v. Mileti,* 133 F.3d 433, 437 (6th Cir.1998). When there is a conflict between two states' statutes of limitations, the

Restatement provides that '[a]n action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state.' *Id.* (citing Restatement (Second) of Conflict of Laws § 142(2) (1971)). [Footnote omitted.] Therefore, Ohio courts are required to apply Ohio's statute of limitations to an action filed in Ohio even if that action would be time-barred in another state. *Id.*" *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC* (N.D. Ohio. 2010), 702 F.Supp.2d 826, 834.

**{¶14}** Appellant raised the statute of limitations argument as an affirmative defense and Appellant has the burden of proof with regard to establishing the defense. A motion for summary judgment forces the non-moving party to produce probative evidence on all essential elements of the case for which the burden of production rests on that party. *Celotex Corp. v. Catrett,* (1987), 477 U.S. 317. The evidence must be such that a reasonable jury might return a verdict in the party's favor. *Seredick v. Karnok* (1994), 99 Ohio App.3d 502.

**{¶15}** Appellant has conclusively and summarily alleged the cause of action accrued in Delaware and the cardholder agreement is likely to elect Delaware Law as the choice of law. However, upon our review, we find Appellant has not affirmatively demonstrated via the pleadings, written admissions and affidavits submitted in support thereof, how the laws of the State of Delaware govern the subject account. As neither party has filed the cardholder agreement with their pleadings or in support of the motion or in opposition to summary judgment, we find the trial court properly applied the law of the State of Ohio.

{¶16} Appellant further argues R.C. 1319.12 applies to Matrix as a collection agency; therefore, Matrix failed to prove proper assignment of the subject account pursuant to the statute's requirements.

{¶17} Matrix is not a debt collection agency; rather, the owner of the debt owed. The record demonstrates Matrix is attempting to collect the debt on its own behalf, not on behalf of another party or creditor. The Bill of Sale Matrix submitted in support of its motion for summary judgment indicates any and all interest, title and ownership rights to the accounts receivable were sold and not merely assigned to Matrix.

{¶18} Appellant's first assignment of error is overruled.

II.

{¶19} Appellant asserts the affidavit of an "unidentified individual"[1] submitted as evidence of the chain of title for Appellant's account is sufficient to establish the Bill of Sale included the sale of Appellant's account to Dodeka, LLC. We agree.

{¶20} The affidavit submitted by Appellee identified and attached a Bill of Sale from Chase Bank USA, N.A. to Dodeka, LLC which purports to transfer all Chase's rights to certain accounts receivable described in an attached Exhibit One. The affiant is records custodian for Appellee. While we question whether the affiant is competent to lay the proper foundation for the transfer from Chase to Dodeka, we need not answer that issue now. From our review of the file, we cannot find Exhibit One which we believe is necessary to show a transfer of Appellant's account to Dodeka.

{¶21} The second document attached as Exhibit B to the affidavit is an Assignment of Accounts from Dodeka to Appellee. It purports to transfer Dodeka's accounts receivable to Appellee as described on computer files furnished by Dodeka to

---

[1] Appellant's brief identifies the affiant as Gabriel Cheek.

Appellee.  Again, we are unable to locate such computer files from our review of the record

**{¶22}** We find Appellee's affidavit insufficient to establish it is the legal owner of the Appellant's account.  Appellant's second assignment of error is sustained.

**{¶23}** The August 25, 2010 Judgment Entry of the Richland County Court of Common Pleas is reversed, and the matter remanded for further proceedings in accordance with the law and this opinion.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MATRIX ACQUISITIONS, LLC        :
:
    Plaintiff-Appellee           :
:
-vs-                        :            JUDGMENT ENTRY
:
TIMOTHY HOOKS           :
:
    Defendant-Appellant     :            Case No. 10CA111


For the reasons stated in our accompanying Opinion, the judgment of the Richland County Court of Common Pleas is reversed, and the matter is remanded to that court for further proceedings in accordance with the law and our Opinion.  Costs to Appellee.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY