[Cite as *Equable Ascent Fin., L.L.C. v. Ybarra*, 2013-Ohio-4283.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

EQUABLE ASCENT FINANCIAL, LLC

     Appellee

     v.

PHILLIP L. YBARRA

     Appellant

C.A. No.     12CA010290
                 12CA010296

APPEAL FROM JUDGMENT
ENTERED IN THE
AVON LAKE MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    CVF 1100560

DECISION AND JOURNAL ENTRY

Dated: September 30, 2013

BELFANCE, Judge.

{¶1} Phillip Ybarra appeals the trial court's award of summary judgment for Equable Ascent Financial. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} Equable Ascent filed a complaint alleging that Mr. Ybarra owed $6632.62 on a credit card account. Mr. Ybarra moved to dismiss the complaint, arguing that Equable Ascent was a collection agency and failed to comply with R.C. 1319.12. The trial court denied the motion, and both parties moved for summary judgment. The trial court denied Mr. Ybarra's motion and awarded summary judgment to Equable Ascent. Mr. Ybarra has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR IN ERROR
DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND
GRANTED SUMMARY JUDGMENT IN FAVOR [OF] APPELLEE.

{¶3}    Mr. Ybarra argues in his first assignment of error that the trial court should not have awarded summary judgment in favor of Equable Ascent because Equable Ascent failed to comply with R.C. 1319.12.  He also argues that, because Equable Ascent failed to comply with R.C. 1319.12, the trial court should have granted his motion for summary judgment.  We agree in part.

{¶4}    This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party."  *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011–Ohio–1519, ¶ 8.

{¶5}    Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  If the movant satisfies this burden, the nonmoving party "'must

set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶6} Mr. Ybarra argues that Equable Ascent is a collection agency under R.C. 1319.12(A)(1) and, therefore, it had to comply with the requirements of R.C. 1319.12. Equable Ascent counters that it owns the account in question and is suing on its own behalf; therefore, it argues, it is not a collection agency. R.C. 1319.12(A)(1) defines "'collection agency'" as "any person who, for compensation, contingent or otherwise, or for other valuable consideration, offers services to collect an alleged debt asserted to be owed to another." By contrast, a purchaser of a debt sues to collect the debt on its own behalf, not on the behalf of another. *See Matrix Acquisitions, LLC v. Hooks*, 5th Dist. Richland No. 10CA1112, 2011-Ohio-3033, ¶ 17. Therefore, a purchaser of a debt is not a collection agency under R.C. 1319.12(A)(1) and, thus, does not have to comply with the requirements in R.C. 1319.12. *Id*. at ¶ 16-17. *See also Barcosh, LTD. v. Dumas*, 6th Dist. Lucas No. L-10-1001, 2010-Ohio-3066, ¶ 15; *Calvary Invests., L.L.C. v. Vonderheide*, 1st Dist. Hamilton No. C-010359, 2001 WL 1386190, *2 (Nov. 9, 2001). However, there is a genuine dispute of fact as to whether Equable Ascent has purchased the account at issue in this case.

{¶7} In its motion for summary judgment, Equable Ascent argued that it was the owner of the account. In support of its motion, Equable Ascent attached the affidavit of Myrna Favela, a "Bill of Sale" for 31,451 accounts from Chase Bank USA, N.A. to Hilco Receivables, LLC, a document from the Delaware Secretary of State indicating that Hilco Receivables had merged into Equable Ascent, and a document purporting to be a statement of Mr. Ybarra's account. Ms. Favela averred that she was a manager of client services for Equable Ascent, that she had reviewed the Bill of Sale and the account statement, and that the documents were true and

accurate copies. However, the Bill of Sale does not reference Mr. Ybarra's account, instead it indicates that 31,451 accounts were being transferred from Chase to Hilco Receivables and that the accounts were listed on "Exhibit 1 attached hereto * * *." (Emphasis omitted.). The "Exhibit 1" is not part of the record in this case, and, thus, there is no indication that Mr. Ybarra's account was actually one of the 31,451 accounts transferred in the Bill of Sale. Furthermore, the statement of account does not refer to Equable Ascent (or Hilco Receivables) at all; instead, it appears to be a document prepared by Chase. Thus, it is not apparent from the statement of account that Equable Ascent is collecting upon the account on its own behalf rather than on the behalf of Chase.[1] *See Matrix Acquisitions* at ¶ 17; R.C. 1319.12(A)(1).

{¶8} When viewed in the light most favorable to Mr. Ybarra, the evidence submitted by Equable Ascent does not demonstrate that it is the actual owner of the account. Thus, there exists a genuine dispute of fact as to whether Equable Ascent is the owner of the account or is a collection agency pursuant to R.C. 1319.12(A)(1). Therefore, Equable Ascent failed to demonstrate that it was entitled to summary judgment.

{¶9} Mr. Ybarra also argues that the trial court should have awarded summary judgment to him because Equable Ascent was a collection agency. However, Mr. Ybarra did not submit any evidence in support of his motion, and the evidence in the record, when viewed in the light most favorable to Equable Ascent, does not demonstrate that Equable Ascent was a

---

[1] It is also unclear whether Ms. Favela could aver that the statement of account was a business record given that it was apparently created by Chase and not by Equable Ascent. *Compare Ohio Receivables, L.L.C. v. Williams*, 2d Dist. Montgomery No. 25427, 2013-Ohio-960, ¶ 21-24 *with Ohio Receivables, L.L.C. v. Dallariva*, 10th Dist. Franklin No. 11AP-951, 2012-Ohio-3165, ¶ 21. However, we do not need to decide this question because Mr. Ybarra never objected to Ms. Favela's affidavit or to the statement of account and, thus, the trial court was free to consider it. *See Committee v. Rudolchick*, 9th Dist. Lorain No. 12CA010186, 2013-Ohio-2373, ¶ 11.

collection agency. Thus, Mr. Ybarra failed to demonstrate that he was entitled to summary judgment.

{¶10} Accordingly, Mr. Ybarra's first assignment of error is sustained to the extent that he argues the trial court erred in awarding summary judgment to Equable Ascent and overruled to the extent he argues that he should have received summary judgment.

ASSIGNMENT OF ERROR II

THE TRIAL COURT IN ERROR DENIED THE APPELLANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WHERE APPELLEE FAILS TO MAINTAIN A PLACE OF BUSINESS IN OHIO AS REQUIRED BY O.R.C. 1319.12(B)

{¶11} Mr. Ybarra's precise argument in support of his second assignment of error is unclear, consisting of four, one-sentence paragraphs. He appears to argue that the trial court should have granted his motion to dismiss because the trial court had previously dismissed a complaint by Equable Ascent against him on the basis that Equable Ascent was a collection agency. Essentially, Mr. Ybarra appears to be arguing that Equable Ascent's claim in this case is barred by res judicata.

{¶12} We review a trial court's decision on a motion to dismiss de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

> In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.

(Internal quotations and citations omitted.) *Id*.

{¶13} Mr. Ybarra's motion to dismiss was premised upon a judgment entry in a different case. However, in deciding whether it is appropriate to grant a party's motion to dismiss, a court

may not consider any materials or evidence outside the complaint. *Warren v. Estate of Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 7. Thus, because Mr. Ybarra's motion required the trial court to consider evidence outside the complaint, it was not a proper motion to dismiss, and the trial court correctly denied it. *See id. See also Haley v. Nomad Preservation, Inc.*, 9th Dist. Summit No. 26492, 2013-Ohio-159, ¶ 16-17.

**{¶14}** Mr. Ybarra's second assignment of error is overruled.

III.

**{¶15}** In light of the foregoing, the judgment of the Avon Municipal Court is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Avon Lake Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


        EVE V. BELFANCE
        FOR THE COURT


MOORE, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

TONY DALAYANIS, Attorney at Law, for Appellant.

MATTHEW G. BURG, Attorney at Law, for Appellee.