[Cite as *Pascual v. Pascual*, 2012-Ohio-5819.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

AURORA S. PASCUAL

    Appellee

    v.

CORAZON S. PASCUAL

    Appellant

C.A. No.     12CA0036-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12DV0091

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

MOORE, Judge.

{¶1}    Defendant-Appellant, Corazon S. Pascual, appeals from the April 30, 2012 order of protection issued by the Medina County Court of Common Pleas, Division of Domestic Relations. This Court affirms.

I.

{¶2}    In April of 2012, Ms. Pascual lived with her two sisters, Aurora and Lourdes Pascual. Aurora Pascual ("the petitioner") filed an ex parte petition for a civil protection order against Ms. Pascual alleging that, in avoiding Ms. Pascual's attempts to hit her, she fell in their driveway and was taken by ambulance to the hospital. A magistrate of the trial court found that a temporary order of protection was not necessary, and set the matter for a full hearing. Prior to the date of the hearing, the magistrate granted a continuance in order for the petitioner to retain an attorney. On April 30, 2012, the trial court granted the petitioner an order of protection against Ms. Pascual, which remains in effect until April 27, 2013.

{¶3} Ms. Pascual timely appealed and raised one assignment of error for our consideration.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED ON THE ISSUES BROUGHT UP BY THE MAGISTRATE OF THE MEDINA COURT OF COMMON PLEAS DOMESTIC RELATIONS DIVISION IN CONJUNCTION WITH HER RULINGS ON CASE NO.: DV0091. THE COURT ORDER OF PROTECTION FOR THE PETITIONER THAT TOOK EFFECT ON APRIL 30, 2012[,] ARE INDICATED ON PAGE 2 OF FORM 10.01-1. REBUTTALS TO THE ISSUES ARE SHOWN ON THE STATEMENT OF FACTS ON PAGE 8 OF THIS BRIEF.

[1.] "THAT THE PETITIONER'S BODILY INJURY WAS CAUSED BY THE REPONDENT WHEN AN ALTERCATION OVER THE MAIL RESULTED AS THE PETITIONER TRIED TO AVOID BEING PHYSICALLY ATTACKED BY THE RESPONDENT[.]"

[2.] "THAT THE PETITIONER OR PETITIONER'S FAMILY OR HOUSEHOLD MEMBERS ARE IN DANGER OR HAVE BEEN A VICTIM OF DOMESTIC VIOLENCE OR SEXUALLY ORIENTED OFFENSES AS DEFINED IN R.C. 3113.31A COMMITTED BY THE RESPONDENT[.]"

[3.] IN ADDITION, "THAT THE COURT ALSO ERRED WHEN THE OPPOSING PARTY'S WITNESS' TESTIMONIES WERE ACCEPTED BY THE COURT WITHOUT THE WITNESS' PRESENTING PROOF OR EVIDENCE TO SUPPORT THE ALLEGATIONS SHE TESTIFIED FOR IN THE COURT OF LAW."

{¶4} Apparently, this case arose because of a confrontation between two sisters which resulted in one falling, or being thrown to the ground, due to a dispute over the receipt of mail from the mailbox at the house that they shared. The local police were contacted and responded to take a report. Ms. Pascual objects to the magistrate's determination granting her sister's motion for a civil protection order against her. Her argument, reduced to its essence, is that the magistrate believed the testimony of her sister rather than Ms. Pascual's testimony.

**{¶5}** As a preliminary matter, we note that Ms. Pascual has presented her arguments before the trial court and this Court pro se. Regarding pro se litigants, this Court has often indicated:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers,* 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3.

**{¶6}** App.R. 16(A)(7) states, in pertinent part, that an appellant's brief must include, "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Further, it is well settled that "[a]ppellants have the burden of affirmatively demonstrating error on appeal." "Where an appellant fails to cite to any law supporting their assignments of error, it is not this [C]ourt's duty to create an argument for them." *Sherlock* at ¶ 4, citing *Cardone v. Cardone*, 9th Dist. Nos. 18349, 18673, 1998 WL 224934, *8 (May 6, 1998).

**{¶7}** Here, Ms. Pascual has failed to cite to *any* legal authority in support of her contention that the trial court erred in granting the petitioner's order of protection. *See* App.R. 16(A)(7). While we decline to create Ms. Pascual's legal arguments on appeal, we have reviewed the record below and find no error in the trial court's ruling adopting the magistrate's decision.

**{¶8}** Therefore, Ms. Pascual's assignment of error is overruled.

III.

**{¶9}** In overruling Ms. Pascual's sole assignment of error, the judgment of the Medina County Court of Common Pleas, Division of Domestic Relations, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

CORAZON S. PASCUAL, pro se, Appellant.

AURORA S. PASCUAL, pro se, Appellee.