[Cite as *Haley v. Nomad Preservation*, 2013-Ohio-159.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STEPHEN T. HALEY

  Appellant

  v.

NOMAD PRESERVATION, INC., et al.

  Appellees

C.A. No.  26492


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. CV 2010 11 7619

DECISION AND JOURNAL ENTRY

Dated: January 23, 2013

---

BELFANCE, Judge.

{¶1} Stephen Haley appeals the judgment of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} The procedural history of this case is complex. Mr. Haley received a judgment against Nomad Preservation, Inc. in an earlier action, the procedural history of which is partly recounted in *Haley v. Nomad Preservation, Inc.*, 9th Dist. No. 26220, 2012-Ohio-4385. *See id.* at ¶ 2-5. Pertinent to this litigation is that the trial court in that case entered a $1.3 million judgment in favor of Mr. Haley against Nomad. *Id.* at ¶ 2. The trial court also issued an order of attachment against certain vehicles, in particular a 2005 Dodge Viper and a 2007 Hummer.

{¶3} Mr. Haley filed a complaint against multiple defendants, including Afife Makki and Hussein Ayache. He alleged that Ms. Makki was a subsequent transferee of the 2005 Dodge

Viper, which had been the subject of a fraudulent transaction.[1]  Mr. Haley alleged that, pursuant to R.C. Chapter 1336, he was entitled to receive a judgment against Ms. Makki equivalent to the value of the 2005 Dodge Viper.  Mr. Haley made a similar allegation against Mr. Ayache with regard to the 2007 Hummer.

{¶4}  Mr. Ayache answered the complaint, and Mr. Haley quickly moved for summary judgment against him.  Mr. Ayache moved in opposition to Mr. Haley's motion for summary judgment.  A few weeks after filing his response to Mr. Haley's motion for summary judgment, Mr. Ayache filed a motion captioned "MOTION TO DISMISS DECLARATORY JUDG[MENT] AGAINST HUSSIEN AYACHE, DEFENDANT[,]" attaching a journal entry from the other Nomad litigation in which the trial court had determined that Mr. Ayache was an innocent buyer under R.C. 1336.08(A) and, thus, was not liable to Mr. Haley.[2]  An hour after Mr. Ayache filed his motion, the trial court, relying on the journal entry Mr. Ayache had just submitted, simultaneously denied Mr. Haley's motion and granted Mr. Ayache's motion.

{¶5}  Meanwhile, Ms. Makki filed a motion to dismiss Mr. Haley's claims against her for lack of personal jurisdiction.  In the motion, Ms. Makki essentially asserted that she did not have any contact with Ohio.  The trial court granted Ms. Makki's motion to dismiss, but Mr. Haley moved to vacate the decision, arguing that her motion had been filed by an attorney who was not authorized to practice law in Ohio.  Determining that the attorney was not authorized to file the motion, the trial court vacated the dismissal.  Mr. Haley subsequently moved to strike

---

[1] R.C. Chapter 1336 provides, in pertinent part, that a creditor may seek remedies against transferees who receive an asset from a debtor for less than equivalent value, including the return of the asset or a judgment against the transferee for the value of the asset.  *See* R.C. 1336.04, 1336.07, and 1336.08.

[2] "A transfer or an obligation is not fraudulent under division (A)(1) of section 1336.04 of the Revised Code against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or oblige."  R.C. 1336.08(A).

Ms. Makki's motion to dismiss and also moved for default judgment against her. The trial court granted Mr. Haley's motion to strike the motion to dismiss but denied his motion for default judgment, instead announcing that it would rule on a motion for summary judgment Mr. Haley had previously filed against Ms. Makki.

{¶6} Ms. Makki never filed a response to Mr. Haley's motion for summary judgment, and the trial court awarded him summary judgment against her. Soon after the trial court's award of summary judgment, Ms. Makki moved to vacate the award, alleging that it was void for a lack of personal jurisdiction over her. The trial court subsequently issued a journal entry in which it sua sponte vacated its decision denying Mr. Haley's motion for default judgment, vacated its award of summary judgment, granted Mr. Haley's motion for default judgment against Ms. Makki, and denied Mr. Haley's motion for summary judgment as moot. It also scheduled a hearing to determine its jurisdiction over Ms. Makki.

{¶7} Following the hearing, the trial court determined that it did not have personal jurisdiction over Ms. Makki and vacated all "previous judgments" against her. Mr. Haley appealed, but this Court dismissed his appeal because the trial court had not entered judgment against Ms. Makki.[3] The trial court subsequently reaffirmed that it granted Ms. Makki's motion to vacate the judgments against her and dismissed the complaint.

{¶8} Mr. Haley again appealed, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERR[ED] AS A MATTER OF LAW BY GRANTING
AFIFE MAKKI'S ("MAKKI") MOTION TO VACATE DISMISSING
APPELLANT-PLAINTIFF STEPHEN T. HALEY'S ("HALEY") COMPLAINT

---

[3] All of the other claims against the defendants had already been resolved via dismissal or default judgment.

THIRTEEN (13) MONTHS AFTER IT WAS FILED AND PROPERLY SERVED UPON MAKKI WHEN THE DEFENSE OF PERSONAL JURISDICTION WAS WAIVED PURSUANT TO CIV.R. 12(A)(B[])(H) AND THERE WAS NO FINDING OF "EXCUSABLE NEGLECT" AS REQUIRED BY CIV.R. 6(B)(2).

{¶9} In Mr. Haley's first assignment of error, he argues that the trial court should not have dismissed the complaint against Ms. Makki because it had personal jurisdiction over her. We disagree.

{¶10} Whether a court has jurisdiction is a question of law that this Court reviews de novo. *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. No. 25939, 2012-Ohio-3339, ¶ 8. "Once a defendant has challenged the trial court's personal jurisdiction over him or her, the plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence." (Internal quotations and citations omitted.) *Id*.

{¶11} We initially note that Mr. Haley does not suggest that the trial court erred when it determined that it did not have personal jurisdiction over Ms. Makki under R.C. 2307.382, Ohio's long-arm statute, or Civ.R. 4.3. *See U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-184 (1994) (The first step in determining whether an Ohio court has personal jurisdiction over a person who lives outside the state is determining "whether the state's 'long-arm' statute and applicable civil rule confer personal jurisdiction[.]"). Instead, he argues that Ms. Makki waived personal jurisdiction by appearing in the action. While Mr. Haley is correct that the issue of personal jurisdiction may be waived by a defendant voluntarily appearing in the action and submitting to the trial court's jurisdiction, Ms. Makki did not do this. *See Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 13 ("The only way in which a party can voluntarily submit to a court's jurisdiction * * *

is by failing to raise the defense * * * in a responsive pleading or by filing certain motions before any pleading.").

{¶12} Ms. Makki filed a motion to dismiss and a motion to vacate, challenging the trial court's jurisdiction in both motions. However, Ms. Makki's motion to dismiss was stricken because it was filed by an attorney who was not licensed to practice law in Ohio. Mr. Haley appears to suggest that, because the motion to dismiss was stricken, Ms. Makki voluntarily submitted to the trial court's jurisdiction without challenging its jurisdiction. However, there is no way to construe Ms. Makki's attempt to file a motion to dismiss for lack of personal jurisdiction as anything other than a challenge to the trial court's jurisdiction. Thus, we cannot conclude that Ms. Makki waived the issue of the trial court's jurisdiction. *See id.* at ¶ 13.

{¶13} Accordingly, Mr. Haley's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERR[ED] AS A MATTER OF LAW BY DENYING HALEY'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE COMPLAINT AGAINST HUSSEIN AYACHE ("AYACHE") BASED ON A JUDGMENT ISSUED BY ANOTHER JUDGE NOT HAVING JURISDICTION TO HEAR THE ISSUE OF THE FRAUDULENT TRANSFER OF PROPERTY TO AYACHE.

{¶14} In Mr. Haley's second assignment of error, he argues that the trial court erred in denying his motion for summary judgment and granting Mr. Ayache's motion to dismiss.

{¶15} We initially note that both parties were pro se. It is well-established that pro se litigants should be granted reasonable leeway, and their motions and pleadings should be construed liberally so as to decide the issues on the merits as opposed to technicalities. *See, e.g., Pascual v. Pascual*, 9th Dist. No. 12CA0036-M, 2012-Ohio-5819, ¶ 5. "However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not

given greater rights than represented parties, and must bear the consequences of his mistakes." (Internal quotations and citations omitted.) *Id.*

{¶16} As we recounted in our discussion of the procedural history of the case, Mr. Haley moved for summary judgment against Mr. Ayache, and Mr. Ayache responded in opposition. Mr. Ayache then filed his "MOTION TO DISMISS DECLARATORY JUDG[MENT] AGAINST HUSSEIN AYACHE, DEFENDANT[]" and submitted a journal entry from the other case. The trial court then ruled less than an hour later, denying Mr. Haley's motion for summary judgment and dismissing the claim against Mr. Ayache in reliance on the journal entry submitted by Mr. Ayache.

{¶17} Regardless of how Mr. Ayache captioned his motion, it was not a proper motion to dismiss because it sought to have the trial court consider materials beyond the complaint.[4] *See Warren v. Estate of Durham*, 9th Dist. No. 25624, 2011-Ohio-6416, ¶ 7 ("The trial court may not * * * rely upon any materials or evidence outside the complaint in considering a motion to dismiss.") (Internal quotations and citations omitted.). "Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56." (Internal quotations and citations omitted.) *Id. See also* Civ.R. 12(B). Accordingly, the trial court erred by dismissing Mr. Haley's complaint against Mr. Ayache based on materials external to the complaint. *Warren* at ¶ 7. Moreover, the trial court was required to give him a reasonable opportunity to respond to Mr. Ayache's motion. *Id. See also State v. Dalchuck*, 9th Dist. No. 21422, 2003-Ohio-4268, ¶ 5

---

[4] It is unclear whether Mr. Ayache intended his motion as his own motion for summary judgment or whether it was merely an attempt to supplement his opposition to Mr. Haley's motion for summary judgment.

("Until the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved.") (Internal quotations and citations omitted.).

**{¶18}** Mr. Haley's second assignment of error is sustained.

### III.

**{¶19}** Mr. Haley's first assignment of error is overruled, and his second assignment of error is sustained. On remand, the trial court should allow Mr. Haley a reasonable opportunity to respond to Mr. Ayache's motion. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to Stephen Haley and Hussein Ayache.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
BROGAN, J.
CONCUR.

(Brogan, J., retired, of the Second District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

STEPHEN T. HALEY, pro se, Appellant.

AFIFE MAKKI, pro se, Appellee.

HUSSEIN A. AYACHE, pro se, Appellee.

DAVID P. BERTSCH, Attorney at Law, for Appellees.