[Cite as *Haley v. Nomad Preservation, Inc.*, 2014-Ohio-181.]

STATE OF OHIO                )                    IN THE COURT OF APPEALS
                             )ss:                 NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT             )

STEPHEN T. HALEY                                  C.A. No.     26990

     Appellant

     v.                                           APPEAL FROM JUDGMENT
                                                 ENTERED IN THE
NOMAD PRESERVATION, INC, et al.                  COURT OF COMMON PLEAS
                                                 COUNTY OF SUMMIT, OHIO
     Appellees                                 CASE No.     CV 2010 11 7619

DECISION AND JOURNAL ENTRY

Dated: January 22, 2014

HENSAL, Judge.

{¶1}    Stephen Haley appeals two judgments of the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}    Most of the facts of this case were outlined by this Court in *Haley v. Nomad Preservation, Inc.*, 9th Dist. Summit No. 26492, 2013-Ohio-159.  Mr. Haley obtained a judgment against Nomad Preservation, Inc., which included the attachment of several vehicles that the company had fraudulently transferred.  In 2010, Mr. Haley sued the present owner of the vehicles, including Hassan Dabaja, Afife Makki, and Hussein Ayache.

{¶3}    After Mr. Ayache filed his Answer, Mr. Haley moved for summary judgment against him.  Mr. Ayache, however, moved to dismiss the claim, arguing that a judge in another case had already determined that he was an innocent buyer under Revised Code Section 1336.08(A) and, therefore, was not liable to Mr. Haley.  The trial court granted Mr. Ayache's

motion. On appeal, this Court reversed, concluding that the trial court should have construed Mr. Ayache's motion to dismiss as a motion for summary judgment and provided Mr. Haley an opportunity to respond before ruling on it. On remand, Mr. Haley filed a response to Mr. Ayache's motion. Upon consideration of the motion and Mr. Haley's response, the trial court granted the motion again. Mr. Haley has appealed the court's judgment in favor of Mr. Ayache.

{¶4} Meanwhile, Ms. Makki and Mr. Dabaja did not answer Mr. Haley's complaint. Instead, they moved to dismiss the claims against them for lack of personal jurisdiction. The attorney who filed their motions, however, was not authorized to practice law in Ohio, so the trial court struck the pleadings. Mr. Haley subsequently moved for a default judgment and for summary judgment against Ms. Makki and Mr. Dabaja. After the court granted Mr. Haley's motion for summary judgment, Ms. Makki moved to vacate the court's judgment, arguing that it was void against her for lack of personal jurisdiction. Following a hearing, the trial court granted her motion. On appeal, this Court affirmed, concluding that Ms. Makki had never waived her right to challenge the trial court's jurisdiction.

{¶5} While Mr. Haley's appeal on Ms. Makki's motion to vacate was pending, Mr. Dabaja also moved to vacate the trial court's judgment for lack of personal jurisdiction. According to Mr. Dabaja, the vehicle was sold and titled in Michigan, he does not own any property in Ohio, he has never transacted any business in Ohio, he has never caused any tortious injury in Ohio, he has never contracted to supply any goods or services in Ohio, he has never contracted to insure any person or property in Ohio, he has no agents that operate in Ohio, and he has never resided in Ohio. After this Court affirmed the trial court's judgment regarding Ms. Makki, the trial court reviewed Mr. Dabaja's motion to vacate and Mr. Haley's opposition. It determined that, like Ms. Makki, Mr. Dabaja had not waived his right to contest the court's

jurisdiction over him. Noting Mr. Dabaja's motion's similarity to Ms. Makki's motion, the court found that it did not have personal jurisdiction over Mr. Dabaja, and granted his motion. Mr. Haley has appealed the trial court's judgment granting Mr. Dabaja's motion to vacate.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERR[ED] AS A MATTER OF LAW BY DENYING HALEY'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT HUSSEIN AYACHE ("AYACHE") AND DISMISSING THE COMPLAINT AGAINST AYACHE PURSUANT TO AN UNTIMELY MOTION TO DISMISS WHICH CONTAINED MATERIAL OUTSIDE [THE] FOUR CORNERS OF THE COMPLAINT WHILE FAILING TO CONSTRUE THE MOTION TO DISMISS AS A MOTION FOR SUMMARY JUDGMENT.

{¶6} Mr. Haley argues that the trial court incorrectly considered a document that Ayache attached to his motion to dismiss instead of only examining the motion itself. He also argues that, since a motion to dismiss can only be filed before a party answers, the motion to dismiss was untimely.

{¶7} In this Court's previous decision, we noted that, regardless of how it was captioned, Mr. Ayache's motion to dismiss "was not a proper motion to dismiss because it sought to have the trial court consider materials beyond the complaint." *Haley*, 2013-Ohio-159 at ¶ 17. We explained that such motions should be construed as motions for summary judgment. *Id*. We also noted that the trial court had ruled on Mr. Ayache's motion only one hour after Mr. Ayache filed it. We, therefore, remanded the case back to the trial court to "allow Mr. Haley a reasonable opportunity to respond to Mr. Ayache's motion." *Id*. at ¶ 19. On April 10, 2013, the trial court entered an order explaining that, in light of this Court's decision, Mr. Haley would have until April 30, 2013, to respond to Mr. Ayache's motion. Mr. Haley filed a timely response, arguing, exclusively, that the motion was untimely under Civil Rule 12(B).

{¶8} Regarding Mr. Haley's argument that the trial court could not consider the document Mr. Ayache attached to his motion, Civil Rule 12(B) provides, in part, that, "[if] a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading * * *, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." The rule also provides that "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." In *Petrey v. Simon*, 4 Ohio St.3d 154, 155 (1983), the Ohio Supreme Court recognized the importance of notifying a party that the court was going to convert a motion to dismiss into a motion for summary judgment.

> If the conversion occurs unexpectedly, the non-moving party is left at the disadvantage of being unprepared to respond; hence notice is required. * * * The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context.

*Id*., quoting *Portland Retail Druggists Assn. v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981). "Parties deserve a reasonable opportunity to demonstrate whether a genuine issue of fact exists." *Id*. at 156.

{¶9} In this case, Mr. Haley had ample notice that the trial court was going to consider evidence outside the four corners of the pleadings when ruling on Mr. Ayache's motion. Not only had the trial court considered other evidence the first time it ruled on the motion, this Court explained in its decision that it was proper for the trial court to consider other evidence so long as notice was given. In light of the procedural history of this particular case, we cannot say that the trial court's consideration of Mr. Ayache's affidavit was unexpected or that Mr. Haley did not have an adequate opportunity to oppose the evidence.

{¶10} Regarding Mr. Haley's argument that Mr. Ayache's motion was untimely, his argument focuses on the timing of motions to dismiss under Civil Rule 12(B)(6). As this Court pointed out in its prior decision, Mr. Ayache's motion was not a motion to dismiss, but a motion for summary judgment "because it sought to have the trial court consider materials beyond the complaint." *Haley*, 2013-Ohio-159 at ¶ 17. Accordingly, the motion was not subject to the timing requirements under Rule 12(B). Mr. Haley's assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING HASSAN DABAJA'S ("DABAJA") MOTION TO VACATE JUDGMENT AND DISMISSING APPELLANT-PLAINTIFF STEPHEN T. HALEY'S ("HALEY") COMPLAINT TWENTY-SIX (26) MONTHS AFTER IT WAS FILED AND PROPERLY SERVED UPON DABAJA WHEN THE DEFENSE OF PERSONAL JURISDICTION WAS WAIVED PURSUANT TO CIV.R. 12(A)(B))(H) (SIC) AND DABAJA SUBSEQUENTLY FAILED TO APPEAL THE JUDGMENT ENTERED AGAINST HIM.

{¶11} Mr. Haley argues that the trial court incorrectly determined that Mr. Dabaja did not waive his right to contest personal jurisdiction. He argues that it was not proper for Mr. Dabaja to use a motion to vacate to contest the trial court's jurisdiction, but, instead, should have filed a timely appeal after the court entered judgment against him. He also argues that the circumstances are not the same as they were with respect to Ms. Makki's motion to vacate, so the court improperly relied on this Court's decision as to Ms. Makki's motion when ruling on Mr. Dabaja's motion.

{¶12} In this Court's previous decision, we noted that Ms. Makki had filed a motion to dismiss and a motion to vacate, and had challenged the trial court's jurisdiction in both motions. *Haley*, 2013-Ohio-159 at ¶ 12. We rejected Mr. Haley's argument that Ms. Makki had entered an appearance by filing a motion to dismiss that was later struck, concluding that there was "no way to construe Ms. Makki's attempt to file a motion to dismiss for lack of personal jurisdiction

as anything other than a challenge to the trial court's jurisdiction." *Id*. "Thus, we cannot conclude that Ms. Makki waived the issue of the trial court's jurisdiction." *Id*.

{¶13} Similar to Ms. Makki, Mr. Dabaja filed a motion to dismiss for lack of personal jurisdiction that the trial court struck because it was not filed by a lawyer who was licensed to practice in the State of Ohio. Like Ms. Makki, after the trial court entered judgment, he filed a motion to vacate that challenged the trial court's personal jurisdiction. The only difference is that Mr. Dabaja filed his motion to vacate more than a year after Ms. Makki filed her motion. Mr. Haley has not cited any authority suggesting that a party forfeits his right to move to vacate a judgment that was rendered without personal jurisdiction merely because of the passage of time. *See* Civ.R. 12(H)(1) (setting out specific conditions under which a party waives the defense of lack of jurisdiction over the person); *Timekeeping Sys., Inc. v. Safety Protection Universal Ltd.*, 8th Dist. Cuyahoga No. 99714, 2013-Ohio-3919, ¶ 12 (concluding that defendant had right to assert the defense of personal jurisdiction in her motion to vacate the default judgment). Although Mr. Haley argues that Mr. Dabaja's motion to vacate is distinguishable from Ms. Makki's motion because Mr. Dabaja did not file his motion until after the trial court entered a final appealable order, it is typical for a party not to file a motion to vacate until after the court enters final judgment Accordingly, as with Ms. Makki, we conclude that Mr. Dabaja did not waive his right to challenge the trial court's personal jurisdiction.

{¶14} We note that Mr. Haley has not contested the merits of the trial court's decision regarding whether the court had personal jurisdiction over Mr. Dabaja. Mr. Haley's second assignment of error is overruled.

III.

{¶15}  The trial court correctly granted Mr. Ayache's and Mr. Dabaja's motions.  The judgments of the Summit County Common Pleas Court are affirmed.

Judgments affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, J.
CONCURS.

MOORE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

STEPHEN T. HALEY, pro se, Appellant.

JAMES W. SLATER and ANDREW J. PULLEKINS, Attorneys at Law, for Appellee.

HUSSEIN A. AYACHE, pro se, Appellee.