[Cite as *Kent v. Kent*, 2014-Ohio-1502.]

STATE OF OHIO         )                    IN THE COURT OF APPEALS
                         )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

ALBERT J. KENT                      C.A. No.       27071

      Appellant

      v.                          APPEAL FROM JUDGMENT
                                      ENTERED IN THE
MARTHA A. KENT                   COURT OF COMMON PLEAS
                                    COUNTY OF SUMMIT, OHIO
      Appellee                CASE No.    DR 2009-02-0512

DECISION AND JOURNAL ENTRY

Dated: April 9, 2014

BELFANCE, Presiding Judge.

**{¶1}** Albert Kent appeals from the August 30, 2013 orders of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we affirm.

I.

**{¶2}** Following 26 years of marriage, Mr. Kent filed for divorce from Martha Kent in 2009. The trial court entered a final decree of divorce on January 21, 2010. As part of the division of property, the trial court ordered that the retirement accounts were to be split evenly between the parties, using January 7, 2010, as the assignment date. The decree also ordered the attorneys to prepare any necessary orders. With respect to the marital home, Mr. Kent was required to quitclaim his interest in the marital home to Mrs. Kent. The January 7, 2010 decree also required Mrs. Kent to pay Mr. Kent for his equity in the marital home; however, it permitted Mrs. Kent to pay the equity in a lump sum by obtaining a mortgage on the home or by using the retirement benefits awarded to her. On March 11, 2013, Mrs. Kent brought a motion requesting

the court to order the preparation of orders for the division of the retirement accounts and for the parties to share equally in the payment of any preparation costs.[1] The trial court never ruled on the motion, but, on August 30, 2013, the trial court issued multiple orders dividing the retirement accounts.

{¶3} Mr. Kent has appealed the August 30, 2013 orders, raising four assignments of error for our review. For ease of discussion, we have rearranged Mr. Kent's assignments of error.

## II.

{¶4} Before addressing Mr. Kent's assignments of error, we initially note that he is pro se. It is well established that pro se litigants should be granted reasonable leeway, and their motions and pleadings should be construed liberally so as to decide the issues on the merits as opposed to technicalities. *See, e.g., Pascual v. Pascual*, 9th Dist. Medina No. 12CA0036-M, 2012-Ohio-5819, ¶ 5. "However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes." (Internal quotations and citations omitted.) *Id*. It is not this Court's duty to create an appellant's argument for him. *See Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998); App.R. 16(A)(7).

### ASSIGNMENT OF ERROR II

---

[1] The hearing date on this motion was March 20, 2013, which was the date of a scheduled hearing on spousal support issues. The record reflects that the parties appeared before the trial court and resolved spousal support issues, but the trial court did not rule on the March 11, 2013 motion. The parties were given the option of scheduling a hearing before a magistrate, but neither party sought any further hearing.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED NEW ORDERS DIVIDING RETIREMENT ACCOUNTS INSTEAD OF ENFORCING ITS DECREE.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED AN ORDER WHICH INCORRECTLY APPLIED AN AGREED EQUITY CREDIT WHEN DIVIDING A RETIREMENT ACCOUNT.

{¶5} Mr. Kent argues in his second and fourth assignments of error that the trial court altered the division of property in the divorce decree and improperly calculated Mrs. Kent's portion of the defined contribution accounts. We disagree.

{¶6} "[A] [domestic relations] court has the power to enforce a property division incorporated into a divorce decree [but] * * * may not modify that property division." (Internal quotations and citations omitted.) *Ross v. Ross*, 9th Dist. Lorain No. 11CA010091, 2012-Ohio-5565, ¶ 5. "A domestic relations court also has the power to clarify and construe its original property division so as to effectuate its judgment." (Internal quotations and citations omitted.) *Id*.

{¶7} In the final decree of divorce, the trial court ordered that the parties' defined contribution plans be divided equally between them and designated January 7, 2010, as the assignment date. The August 30, 2013 orders use the January 7, 2010 assignment date and order that Mrs. Kent also receive the interest, gains, and losses that have occurred on her portion of the defined contribution accounts since that date. On its face, the August 30, 2013 order distributing the Schwab xxx2119 account complies with the divorce decree, and Mr. Kent has not cited any authority or developed any argument to the contrary.[2] *See* App.R. 16(A)(7).

---

[2] Mr. Kent suggests that there was an alternative order available to the trial court. However, that order does not appear to be part of the appellate record. In any case, the existence

4

{¶8}     Mr. Kent also suggests that the trial court erred in the manner in which the order divided the Schwab xxx2119 account because he was due an "equity credit[.]"  The trial court's August 30, 2013 order distributed the Schwab xxx2119 account equally between Mr. Kent and Mrs. Kent and then transferred $63,695 from Mrs. Kent's portion to Mr. Kent's portion as payment for Mr. Kent's equity in the marital home.  According to Mr. Kent, the trial court should have treated the transfer of $63,695 from Mrs. Kent's portion of the account as having occurred on January 7, 2010, rather than on August 30, 2013, as it did.  Essentially, Mr. Kent argues that he should have received the realized gains related to the $63,695 that had occurred in the interim rather than only receiving the $63,695.

{¶9}     However, the decree of divorce provides, "The parties agreed that [Mrs. Kent] could pay [Mr. Kent] his share of the equity in the real estate ($63,695) in a lump sum either by obtaining a mortgage on the property or by using the retirement benefits awarded to her."  Thus, the language of the decree provided Mrs. Kent with two methods of payment to satisfy her monetary obligation to Mr. Kent while at the same time providing for an equal division of the retirement accounts as of January 7, 2010.  Mrs. Kent had the option of paying Mr. Kent a lump sum obtained through refinancing or use of the retirement benefits awarded to Mrs. Kent.  There is no language in the decree which indicates when the payment must be made, nor is there any language which requires an alteration in the calculation of the division of the retirement benefits in the event Mrs. Kent elected to pay the equity from her share of the retirement benefits.  Notably, the decree provides that Mrs. Kent had the option of paying Mr. Kent by using *the retirement benefits awarded to her*.  Such language contemplates an award to Mrs. Kent, followed by her use of the benefit awarded to her to pay Mr. Kent.

of an alternative order would not demonstrate that the trial court's orders alter the property division.

**{¶10}** Accordingly, we conclude that the August 30, 2013 order pertaining to the division of the Schwab xxx2119 account is consistent with the trial court's property distribution in the divorce decree, and that the August 30, 2013 orders do not alter or modify the distribution. *See Ross*, 2012-Ohio-5565, at ¶ 5. Mr. Kent's second and fourth assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION BY USING DIFFERING
VALUATION DATES IN ITS AUGUST 30, 2013 ORDERS DISTRIBUTING
RETIREMENT ACCOUNTS WITHOUT PROVIDING AN EXPLANATION
FOR THE DIFFERING DATES.

**{¶11}** In Mr. Kent's third assignment of error, he argues that the valuation dates for the orders issued on August 30, 2013, are inconsistent with the dates employed in the divorce decree and that the valuation dates in the orders are inconsistent with each other. Mr. Kent's argument again presumes that the compensation for his equity in the marital home should have been credited as having occurred on January 7, 2010. However, as discussed above, Mr. Kent's position does not comport with the language contained in the divorce decree. Moreover, all of the orders dividing the retirement accounts entered on August 30, 2013, use January 7, 2010, as the assignment date, which is the assignment date specified in the divorce decree. Thus, Mr. Kent's contention that the trial court used different dates in the August 30, 2013 orders is without merit, and his third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RESPONDED
TO A MOTION BY ISSUING ORDERS DIVIDING RETIREMENT
ACCOUNTS WITHOUT HOLDING A HEARING OR AFFORDING THE
APPELLANT ANY OPPORTUNITY TO PRESENT EVIDENCE IN THE
MATTER.

**{¶12}** In Mr. Kent's first assignment of error, he argues that the trial court was required to hold a hearing before it issued the August 30, 2013 orders. However, assuming for the sake of argument that a hearing would have been proper under the circumstances, we cannot conclude that Mr. Kent suffered any prejudice from the trial court not holding one. *See* Civ.R. 61. As discussed above, the August 30, 2013 orders effectuate the clear language of the divorce decree. Thus, under the circumstances, we cannot conclude that Mr. Kent's substantial rights were violated since the divorce decree required this result. *See id*.

**{¶13}** Mr. Kent's first assignment of error is overruled.

III.

**{¶14}** Mr. Kent's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ALBERT J. KENT, pro se, Appellant.

RANDAL A. LOWRY and KENNETH L. GIBSON, Attorneys at Law, for Appellee.