[Cite as *White v. Cuyahoga Falls*, 2016-Ohio-1200.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JEFFREY K. WHITE d/b/a/ J.K. WHITE
CONSTRUCTION

    Appellant

    v.

CITY OF CUYAHOGA FALLS, OHIO

    Appellee

C.A. No.     27807

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV2013-03-1266

DECISION AND JOURNAL ENTRY

Dated: March 23, 2016

MOORE, Judge.

{¶1} Plaintiff-Appellant, Jeffrey White d/b/a J.K. White Construction, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, the City of Cuyahoga Falls ("the City"). This Court affirms.

I.

{¶2} In December 2010, Samuel and Amanda Ellis ("the Ellises") filed an application to participate in the City's Community Development Block Grant Housing Program ("the Grant Program"). The federally-funded program allowed the City to match, up to $10,000, the cost of certain improvements that qualifying residents made to their homes. As a part of the application process, the Ellises elicited an estimate from Mr. White, a home construction and remodeling contractor. Mr. White estimated that the improvements to the Ellises' home would cost $17,122. He submitted his proposal to the City, and the City's Board of Control determined that the Ellises qualified for the Grant Program. The City's mayor authorized the placement of funds in

an escrow account on behalf of the Ellises, for the work to be performed on their property. The City also notified Mr. White that, to participate in the Grant Program, he would have to submit several registration forms.

{¶3} After Mr. White submitted his registration forms, he started working on the Ellises' property. He was unable to finish, however, because the Ellises became dissatisfied with the quality of his work. They refused to allow him back into their home and sought the help of another construction company by the name of Innovative Construction, Inc. ("Innovative"). Innovative identified multiple instances of substandard work in the Ellises' home and provided them with an estimate for repairing those items and finishing the improvements they desired. The Ellises then agreed to hire Innovative. Upon Innovative's completion of the work, the City issued it a check from the funds it had escrowed on behalf of the Ellises. The City refused to disburse any funds to Mr. White.

{¶4} Mr. White brought suit against the City based on its refusal to pay him in accordance with the Grant Program. His complaint set forth two claims for breach of contract and one claim for unjust enrichment. In his first breach of contract claim, he sought relief based upon the contract that he allegedly had with the City. In his second breach of contract claim, he sought relief as a third-party beneficiary, based upon the contract that the City allegedly had with the Ellises. His complaint requested damages from the City in the amount of $8,561; one-half of the $17,122 estimate that he had submitted on behalf of the Ellises.

{¶5} The City responded to Mr. White's complaint by filing a motion to dismiss for failure to state a claim. Mr. White opposed the motion, in part, on the basis that it relied on evidentiary materials outside of the complaint. Upon review, the trial court notified the parties that it was converting the City's motion to dismiss into a motion for summary judgment. The

court ordered the City to file its motion for summary judgment by a specific date and noted that Mr. White would be afforded time to respond to the motion. The court later granted the parties extensions to conduct discovery and to file their respective motions.

{¶6}    Thereafter, the City filed a motion for summary judgment, and Mr. White filed a brief in opposition. The trial court then instructed the City to file an answer and, after resolving several issues that arose, granted the parties leave to supplement their respective summary judgment filings. Both parties filed supplements to their original filings, and the court entered summary judgment in favor of the City. The court determined that, because there was no evidence that a binding contract existed between either the City and Mr. White or the City and the Ellises, Mr. White could not prevail on his breach of contract claims against the City. The court further determined that Mr. White's unjust enrichment claim failed as a matter of law.

{¶7}    Mr. White now appeals from the court's judgment and raises four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. WHITE] BY CONVERTING [THE CITY'S] MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT UNDER THE BELIEF THAT IT WAS AUTOMATICALLY REQUIRED TO BECAUSE [THE CITY] ATTACHED MATERIALS OUTSIDE THE PLEADINGS CONTRARY TO CIV. R. 12 AND CIV. R. 56.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. WHITE] BY CONVERTING [THE CITY'S] MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT THEN FAILING TO TREAT THE MOTION TO DISMISS AS THE MOTION FOR SUMMARY JUDGMENT AND SUA SPONTE GRANTING [THE CITY'S] LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT, CONTRARY TO CIV. R. 12 AND CIV. R. 56.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. WHITE] IN GRANTING [THE CITY'S] MOTION FOR SUMMARY JUDGMENT BY CONSIDERING [THE CITY'S] CLAIM THAT THERE WAS NO WRITTEN CONTRACT AS REQUIRED BY [THE CITY'S] MUNICIPAL CHARTER, SUCH CONSTITUTING THE DEFENSE OF IMMUNITY, THAT WAS RAISED ONLY IN [THE CITY'S] MOTION TO DISMISS AND CONVERTED MOTION FOR SUMMARY JUDGMENT, AND NOT RAISED IN [THE CITY'S] ANSWER TO [MR. WHITE'S] COMPLAINT, AND IS THEREFORE CONSIDERED WAIVED.

{¶8} In each of the foregoing assignments of error, Mr. White challenges several procedural rulings that resulted in the trial court granting the City's motion for summary judgment. Because he has not demonstrated prejudice as a result of the rulings that he challenges, however, we reject his assignments of error.

{¶9} Mr. White argues that the trial court erred when it converted the City's motion to dismiss into a motion for summary judgment. His argument is twofold. First, he argues that the court erred because it failed to realize that it could still treat the City's motion as one to dismiss and simply refuse to consider the evidentiary materials attached to the motion. Mr. White notes that many of the items were not proper Civ.R. 56(C) materials, so the court should not have permitted their introduction. *See* Civ.R. 12(B) (court, in treating motion to dismiss as one for summary judgment, "shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56"). Instead, he argues, the court should have treated the City's motion as one to dismiss and confined its review to the factual allegations contained in Mr. White's complaint. *See id.*

{¶10} Second, Mr. White argues that the court erred when it allowed the City to file a separate motion for summary judgment. He argues that, once the court converted the City's motion to dismiss into a motion for summary judgment, the filing of a separate summary

judgment motion was unnecessary. According to Mr. White, "although stating it was converting [the City's] Motion to Dismiss into a Motion for Summary Judgment, [the trial court] was in fact ignoring the motion to dismiss and granting [the City] leave to file a motion for summary judgment." He argues that, once the court converted the City's motion to dismiss, it should have proceeded under Civ.R. 56(C). *See* Civ.R. 12(B). By allowing the City to file another motion, Mr. White argues, the court gave the City the opportunity to raise new arguments. Specifically, he argues that the City was able to raise for the first time the affirmative defense of sovereign immunity.

{¶11} In reviewing a Civ.R. 12(B)(6) motion to dismiss, a trial court may not consider matters outside of the pleadings. *Savoy v. Kramer*, 9th Dist. Summit No. 27418, 2015-Ohio-437, ¶ 9. "Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56." *Cotton v. Anderson*, 9th Dist. Lorain No. 06CA008984, 2007-Ohio-6548, ¶ 5. Notice is required so as not to place the non-moving party at a disadvantage. *See Haley v. Nomad Preservation, Inc.*, 9th Dist. Summit No. 26990, 2014-Ohio-181, ¶ 8, quoting *Petrey v. Simon*, 4 Ohio St.3d 154, 155 (1983). "The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context." *Petrey* at 155, quoting *Portland Retail Druggists Assn. v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981).

{¶12} Because the City's motion to dismiss relied upon matters outside the scope of the pleadings, the trial court chose to convert the motion to a motion for summary judgment.

Consistent with our precedent, the court gave both parties notice of its intention to proceed to summary judgment and an opportunity to present additional materials. Indeed, the court granted Mr. White's motion for discovery, provided the parties with several filing extensions, and later allowed them to supplement their filings. There is no indication in the record that Mr. White was surprised by the court's decision or lacked sufficient opportunity to discover the materials upon which he needed to rely. *See Petry* at 155, quoting *Portland Retail Druggists Assn.* at 645.

{¶13} Although the City's motion to dismiss relied upon improper Civ.R. 56(C) materials, Mr. White cannot show that the trial court's procedural rulings prejudiced him. The trial court, while stating that it was converting the City's motion to dismiss into a motion for summary judgment, ordered the City to file a motion for summary judgment. By Mr. White's own admission, the effect of the court's ruling was essentially to bypass the motion to dismiss and grant the City leave to file summary judgment. Moreover, when the City later filed its motion for summary judgment, Mr. White did not object to the City's evidentiary materials in his brief in opposition. Even assuming that the City relied upon improperly introduced evidentiary materials in its motion for summary judgment, the trial court had the discretion to consider them in the absence of an objection. *Wolford v. Sanchez*, 9th Dist. Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 20, quoting *Christie v. GMS Mgt. Co., Inc.*, 124 Ohio App.3d 84, 90 (9th Dist.1997).

{¶14} To the extent Mr. White argues that the procedure the court employed here improperly allowed the City to raise the defense of sovereign immunity, the record does not support his argument. Even assuming that the City could defend against Mr. White's claims on the basis of sovereign immunity, *but see* R.C. 2744.09(A), the City never argued sovereign immunity in its motion for summary judgment. Its argument was that Mr. White's claims should

fail as a matter of law due to the absence of a binding contract. As such, Mr. White has not shown that the court's rulings provided the City with an opportunity to raise a new affirmative defense.

{¶15} Even if the procedure that the court here employed did not directly align with the procedure outlined in Civ.R. 12(B), Mr. White has not shown that he was prejudiced as a result. The trial court gave both parties advanced notice of its intention to treat the issues the City raised as issues for summary judgment. It also gave them an opportunity for discovery, several filing continuances, and the ability to supplement their respective filings at a later date. Had the court denied the City's initial motion to dismiss, nothing would have prevented the City from filing a motion for summary judgment and raising the same arguments at a later date. Mr. White has not shown that the procedure the court employed affected the outcome in this matter. *See Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 18 ("Only error which affects or presumptively affects the final outcome of the case is prejudicial."). As such, his first, second, and third assignments of error are overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. WHITE] BY GRANTING [THE CITY'S] MOTION FOR SUMMARY JUDGMENT IN FAVOR OF [THE CITY] BY DETERMINING THAT THERE WAS NO EXISTING WRITTEN CONTRACT BETWEEN [MR. WHITE] AND [THE CITY], WHO WERE PARTICIPANTS IN THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT'S RESIDENTIAL HOUSING REHABILITATION MATCHING GRANT PROGRAM, REQUIRING [THE CITY] TO COMPENSATE [MR. WHITE] FOR SERVICES PROVIDED PURSUANT TO SUCH PROGRAM.

{¶16} In his fourth assignment of error, Mr. White argues that the trial court erred when it granted the City's motion for summary judgment. Specifically, he argues that genuine issues

of material fact remain for trial on the issue of whether there was a binding contract between either himself and the City or the City and the Ellises. We disagree.

{¶17} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶18} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶19} "It is a long-standing principle of Ohio law that 'all governmental liability *ex contractu* must be express and must be entered into in the prescribed manner * * *.'" *NaphCare, Inc. v. Cty. Council of Summit Cty.*, 9th Dist. Summit No. 24906, 2010-Ohio-4458, ¶ 23, quoting *Kraft Const. Co. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio App.3d 33, 44 (8th Dist.1998). "A thread running throughout the many cases the [Ohio Supreme Court] has reviewed is that [a] contractor must ascertain whether [a] contract complies with the Constitution, statutes, charters,

and ordinances so far as they are applicable. If he does not, he performs at his peril." *Lathrop Co. v. Toledo*, 5 Ohio St.2d 165, 173 (1966).

{¶20} In support of its motion for summary judgment, the City introduced a copy of its Charter and the affidavit of Denise Bell, the former Administrator of the Grant Program. The City's charter provides, in relevant part, that the City's law director "shall prepare all contracts, bonds, and other instruments in writing in which the City is concerned and endorse on each his approval of the form and correctness thereof." Charter of the City of Cuyahoga Falls, Ohio, Art. III, Sec. 3 (2011). It further provides that "[a]ny contract, verbal or written, made in violation of this Charter shall be null and void." Charter of the City of Cuyahoga Falls, Ohio, Art. VI, Sec. 10 (2011).

{¶21} In her affidavit, Bell averred that the Ellises were residents of the City and applied for federal grant matching through the Grant Program. She stated that the City approved their grant application, and the Ellises chose Mr. White as their contractor. Ms. Bell averred that the City "ensured that [Mr.] White was registered properly to perform the work." Mr. White did not receive the Ellises' grant money, however, because his "substandard" work caused the Ellises to hire Innovative. Ms. Bell averred that the City paid Innovative the money that remained in the grant set aside for the Ellises. She further averred that the City never "entered into written agreements with either [Mr.] White or the Ellises."

{¶22} In opposing the City's motion for summary judgment, Mr. White argued that numerous documents, when read together, evidenced the existence of contract between himself and the City as well as the City and the Ellises. He attached to his brief in opposition copies of all the registration materials he submitted to the City, the Ellises' application for funding, their funding approval from the City, and many documents related to the City's participation in the

Grant Program. Mr. White never produced, however, a copy of a contract prepared and endorsed by the City's law director. *See* Charter of the City of Cuyahoga Falls, Ohio, Art. III, Sec. 3 (2011). The trial court determined that Mr. White could not prevail on his contract claims because "the procedural prerequisites for the formation of a contract that could bind the City were not met." Upon review of the record, we agree with the trial court's conclusion.

{¶23} As previously noted, a contractor performs at his own peril when he fails to ascertain whether his purported contract with a municipality "complies with the Constitution, statutes, charters, and ordinances so far as they are applicable." *Lathrop Co.*, 5 Ohio St.2d at 173. The City set forth evidence that its Charter required its law director to prepare and endorse all of the City's contracts. It further set forth evidence that it never entered into a written contract with either Mr. White or the Ellises. Accordingly, the City satisfied its initial *Dresher* burden, and the burden shifted to Mr. White to produce evidence of a contract that complied with the City's charter. *See Dresher*, 75 Ohio St.3d at 293. Mr. White, however, failed to set forth any such evidence. Because he did not produce any evidence of the existence of a binding contract between himself and the City or the City and the Ellises, the court did not err by granting summary judgment in favor of the City on his contract claims. His fourth assignment of error is overruled.

III.

{¶24} Mr. White's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

PAUL R. HOFFER, Attorney at Law, for Appellant.

JAMES E. BANAS, Attorney at Law, for Appellant.

RUSSELL W. BALTHIS, Director of Law, JANET M. CIOTOLA, Deputy Law Director, and MATTHEW A. DICKINSON, Assistant Director of Law, for Appellee.