[Cite as *Warren v. Estate of Durham*, 2011-Ohio-6416.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MELISSA WARREN

      Appellant

      v.

ESTATE OF GREGORY M. DURHAM, et al.

      Appellees

C.A. No.     25624

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-02-1084

DECISION AND JOURNAL ENTRY

Dated: December 14, 2011

---

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant Melissa Warren appeals the judgment of the Summit County Court of Common Pleas dismissing her complaint against Defendant-Appellee the Estate of Gregory M. Durham ("the Estate"). For the reasons set forth below, we reverse.

I.

{¶2} On February 17, 2010, Ms. Warren filed a complaint in the Summit County Court of Common Pleas against the Estate and Progressive Direct Insurance Company ("Progressive") alleging that on June 23, 2006, Ms. Warren was injured in a car accident by a vehicle driven by Gregory Durham. Ms. Warren alleged in her complaint that Mr. Durham died on November 17, 2006. The caption of the complaint indicated the case was a re-filed case. Ms. Warren sought damages against the Estate for personal injury and declarations concerning under/uninsured motorists coverage against Progressive and an order requiring Progressive to submit her claim to arbitration.

{¶3}    Progressive filed an answer and a crossclaim.   Thereafter, the Estate filed a motion to dismiss pursuant to Civ.R. 12(B)(6) asserting that Ms. Warren's claim was barred by the statute of limitations.   In addition, the Estate, based upon facts not contained in the complaint, asserted that the savings statute, R.C. 2305.19, was inapplicable.   Progressive filed a motion in opposition asserting the savings statute did apply.   Likewise, Ms. Warren filed a motion in opposition asserting the savings statute applied and that her complaint was timely.   In addition, Ms. Warren attached to her motion in opposition an order from the prior action.   The trial court granted the Estate's motion concluding the savings statute did not apply as Ms. Warren failed to commence or attempt to commence the prior action; thus, the trial court dismissed the claims against the Estate.   Ms. Warren then filed a motion requesting that the trial court certify its ruling as a final, appealable order pursuant to Civ.R. 54(B).   The trial court granted the motion.

{¶4}    Ms. Warren has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT
AND RULING THE COMPLAINT WAS UNTIMELY FILED."

{¶5}    Ms. Warren asserts in her assignment of error that the trial court erred in dismissing her complaint as untimely.   We agree, albeit for reasons other than those articulated by Ms. Warren.

> "In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.  The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.  Appellate review of a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) is de novo."

(Internal citations and quotations omitted.) *Ohio Bur. of Workers' Comp. v. McKinley*, 130 OhioSt.3d 156, 2011-Ohio-4432, at ¶12.

{¶6} "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." Id. at ¶13. This Court has previously stated that, in order "[t]o conclusively show that the statute of limitations bars the action, the complaint must demonstrate both the relevant statute of limitations and the absence of factors which would toll the statute, or make [] it inapplicable." *Tarry v. Fechko Excavating, Inc.* (Nov. 3, 1999), 9th Dist. No. 98CA007180, at *2; see, also, *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 241 (adopting the above language from *Tarry*). Moreover, "[b]ecause Ohio is a notice pleading state, it suffices that the complaint put[s] defendants on notice of the general claim. It [i]s not necessary to specify facts to defend from a statute of limitations defense." *Irvin v. Am. Gen. Fin., Inc.,* 5th Dist. No. CT2004-0046, 2005-Ohio-3523, at ¶29, fn. 11.

{¶7} Based upon the arguments made in the motion to dismiss, which rely on facts not contained in the complaint, we cannot say that the face of the complaint conclusively shows Ms. Warren's claim is barred by the statute of limitations. Ms. Warren's complaint does not recite the procedural history of the prior case. Those facts are contained only within the Estate's motion to dismiss and the responses thereto and their attachments. It is clear from the trial court's entry that it relied on facts outside the complaint when it concluded that Ms. Warren's claim against the Estate was time barred and the savings statute did not apply, as the trial court recited the history of the prior action and relied on it in making its determination. This Court has previously stated:

> "In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. The trial court may not,

however, rely upon any materials or evidence outside the complaint in considering a motion to dismiss. Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56." (Internal citations omitted.) *Cotton v. Anderson*, 9th Dist. No. 06CA008984, 2007-Ohio-6548, at ¶5.

In the instant matter, the trial court considered matters outside the complaint and did not convert the motion to dismiss into one for summary judgment after providing notice to the parties. See, also, *Lansing v. Hybud Equip. Co.*, 5th Dist. No. 2002CA00112, 2002-Ohio-5869, at ¶¶14-17. Accordingly, the trial court erred in dismissing the complaint against the Estate based upon the statute of limitations.[1] We therefore sustain Ms. Warren's sole assignment of error.

III.

{¶8} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

---

[1] We take no position on the merits of the Estate's arguments with respect to the statute of limitations and the savings statute as facts concerning those arguments are not properly before us.

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

      Costs taxed to Appellees.

 

                                          _____

                                          EVE V. BELFANCE
                                          FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

MITCHELL A. WEISMAN, Attorney at Law, for Appellant.

DEBORAH W. YUE and HOLLY M. OLARCZUK-SMITH, Attorneys at Law, for Appellees.