[Cite as *Shaut v. Roberts*, 2022-Ohio-817.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL H. SHAUT,

      Plaintiff-Appellant,       :

                                     No. 110528

      v.                       :

KEVIN ROBERTS, ET AL.,       :

      Defendants-Appellees.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-20-936408

---

### *Appearances:*

Michael Shaut Law Office, LPA, Michael Shaut, and Isaac Tom Monah, *for appellant.*

The Roberts Law Firm and Kevin T. Roberts, *for appellees.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Michael Shaut appeals the trial court's decision dismissing his legal malpractice action against Kevin Roberts and The Roberts Law Firm ("Roberts") as being time barred under R.C. 2305.11(A). For the following reasons, we reverse and remand for further proceedings.

**{¶ 2}** Shaut filed a legal malpractice action on August 25, 2020. The action arose from Roberts's representation of Shaut in multiple employment and securities law actions and arbitration proceedings, including *Hart v. Downing Invest. Partners* (Am. Arbitration Assn. Case No. 01-16-0005-1632), which took place in New York, New York, during 2017. According to Shaut, Roberts failed to meet the standards of a legal professional during the course of and subsequent to the arbitration proceeding, which resulted in a $2.5 million judgment entered against Shaut. In 2018, Roberts agreed to file an appeal from the arbitration award in the United States District Court for the Northern District of Ohio, but that appeal was dismissed on July 24, 2018. Shortly thereafter (no specific date was included in the first amended complaint), Shaut hired new counsel in New York through Roberts, who continued to be involved in the matter and appeared on Shaut's behalf in a "related case" in Boston, Massachusetts.

**{¶ 3}** After the arbitration award, the plaintiffs reduced the award to a final judgment through a New York state court, and in July 2019, a foreign judgment case was filed in the Cuyahoga County Court of Common Pleas to register the New York judgment. Shaut represented himself in that local action. Through the end of August 2019, Shaut alleged that neither party terminated the attorney-client relationship. On August 30, 2019, Shaut sent correspondence seeking to discuss the arbitration proceeding and its progeny and the potential malpractice claim in compliance with their engagement agreement that required mediation or alternative dispute resolution over disputes.

{¶ 4} Shaut attached three documents to the first amended complaint setting forth the above allegations: (1) the engagement agreement between him and Roberts upon which the attorney-client relationship was based; (2) an unauthenticated, partial printout of a docket from the United States District Court for the Southern District of New York, Case No. 1:16-cv-04040, listing Roberts as Shaut's counsel of record and Shaut's status in the case being "terminated" on March 19, 2020; and (3) correspondence, dated August 30, 2019, from Shaut to Roberts presenting a demand to settle the malpractice claim.

{¶ 5} In response to the first amended complaint, Roberts filed a 40-page motion to dismiss under Civ.R. 12(B)(6), attaching 18 exhibits of court filings from the various cases referenced in the first amended complaint. The attachments spanned 168 pages, but none of the attached exhibits were authenticated. Shaut filed a brief in opposition in which he claimed, citing Civ.R. 8, that the complaint was well pleaded and therefore should survive Roberts's motion to dismiss.

{¶ 6} Roberts's motion to dismiss was based on the incorrect standard of review, an issue that carried over into this appeal. Roberts's motion is predicated on the heightened pleading standard established for federal courts in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), instead of the notice pleading standard under Civ.R. 8. Under the heightened, federal standard, a plaintiff must demonstrate the plausibility of the allegations, well beyond the notice pleading standard under Ohio law of setting forth cognizable

claims. We need not consider Roberts's attempt to impose the heightened standard in this case. This court has altogether rejected the invitation to adopt the federal approach in *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 31 (8th Dist.). And as Roberts indicated in the supplemental authority briefing, the Ohio Supreme Court has not adopted the federal standard for Ohio either. *Maternal Grandmother, ADMR v. Hamilton Cty. Dept. of Job & Family Servs.*, Slip Opinion No. 2021-Ohio-4096, ¶ 28 (DeWine, J., concurring).

{¶ 7} The trial court nonetheless disagreed with Shaut and concluded based on its review of the first amended complaint and the three attached exhibits that "there is no set of facts from which this Court can conclude that the cognizable event in this matter occurred on or after August 25, 2019 [(a year preceding the filing of the malpractice action)] or that the attorney-client relationship for the particular transaction or undertaking at issue in this matter existed on or after August 25, 2019." In other words, the trial court concluded that the failure to include allegations within the complaint demonstrating that the statute of limitations was inapplicable meant that the action was time barred. Shaut timely appealed that decision.

{¶ 8} R.C. 2305.11(A) provides that an action for legal malpractice against an attorney or a law firm shall be commenced within one year after the cause of action accrued.

> "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a *cognizable event* whereby the client *discovers or should have discovered that his*

*injury was related to his attorney's act* or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship *for that particular transaction or undertaking* terminates, whichever occurs later."

(Emphasis added.) *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, ¶ 4, quoting *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), syllabus, and citing *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385, 528 N.E.2d 941 (1988). The statute-of-limitations analysis in a legal malpractice case requires two factual inquiries: "(1) When should the client have known that he or she may have an injury caused by his or her attorney? and (2) When did the attorney-client relationship terminate?" The later of those dates "is the date that starts the running of the statute of limitations." *Smith* at ¶ 4.

{¶ 9} A "'motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.'" *State ex rel. Belle Tire Distribs. v. Indus. Comm. of Ohio,* 154 Ohio St.3d 488, 2018-Ohio-2122, 116 N.E.3d 102, ¶ 17, quoting *State ex rel. Hanson*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A court may grant a Civ.R. 12(B)(6) motion to dismiss "only when the complaint, when construed in the light most favorable to the plaintiff and presuming all the factual allegations in the complaint are true, demonstrates that the plaintiff can prove no set of facts entitling him to relief." *Id.*, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Appellate courts review an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. Thus,

the sole inquiry is whether on the face of the complaint, it can be determined that the legal malpractice cause of action accrued over a year before the filing of the complaint.

{¶ 10} Under Ohio law, the statute of limitations is an affirmative defense. Civ.R. 8(C). "[T]he difficulty of successfully asserting an affirmative defense in a Civ.R. 12(B)(6) motion to dismiss" had been "long recognized" based on the fact that "'affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised successfully in a Civ.R. 12(B)(6) motion.'" *Schmitz v. NCAA*, 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, ¶ 41, quoting *Main v. Lima*, 3d Dist. Allen No. 1-14-42, 2015-Ohio-2572, ¶ 14, and citing *Savoy v. Univ. of Akron*, 10th Dist. Franklin No. 11AP-183, 2012-Ohio-1962, ¶ 6-7 (Kennedy, J., concurring in part) (noting that "the better procedure is to address affirmative defenses by way of a motion for summary judgment that will allow introduction of additional facts beyond the complaint"). "A motion to dismiss based upon a statute of limitations[, however,] may be granted when the complaint shows *conclusively on its face that the action is time-barred.*" (Emphasis added.) *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 433 N.E.2d 147 (1982), paragraph three of the syllabus; *see also Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11. A plaintiff is not required to plead with specificity to avoid application of the statute of limitations. *Warren v. Estate of*

*Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 6, citing *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, ¶ 29, fn. 11.

{¶ 11} In this case, although Shaut filed the complaint on August 25, 2020, at the least, none of the allegations from the first amended complaint demonstrates when the parties terminated the attorney-client relationship for the particular transaction to demonstrate the latest accrual date for the statute of limitations. In reaching its dismissal decision, the trial court flipped the standard of review by concluding that the first amended complaint failed to demonstrate that the cognizable event occurred or the attorney-client relationship existed after August 25, 2019, for the purposes of the one-year statute of limitation for legal malpractice under R.C. 2305.11(A). That conclusion is based on the incorrect standard.

{¶ 12} In order to dismiss a complaint based on the statute of limitations, it must *conclusively* appear on the face of the complaint that the action is time barred. *Doe* at ¶ 11. In other words, the trial court must conclude that the allegations within the first amended complaint demonstrate that the accrual date for the statute of limitations was prior to August 25, 2019. The trial court in this case concluded otherwise, that the first amended complaint did not establish that the statute of limitations accrued after August 25, 2019. Although that distinction seems nuanced, the trial court's conclusion upends the standard of review, placing the burden on the plaintiff to plead facts supporting an argument against the statute of limitations. The absence of allegations demonstrating the inapplicability of the statute of

limitations defense is not a cognizable reason to dismiss the action. *Warren* at ¶ 6, *Irvin* at ¶ 29, fn. 11. In asserting an affirmative defense, the defendant bears the burden of proving the existence of facts to support the claim.

{¶ 13} Shaut has maintained the same objection to the court's decision from the beginning — that the complaint satisfies the Civ.R. 8 notice pleading standard. We agree with Shaut. Because the trial court shifted the burden to Shaut to disprove the statute-of-limitations defense within the four corners of the first amended complaint, the trial court erred.

{¶ 14} Despite this conclusion, it must be recognized that a "reviewing court will not reverse a correct judgment merely because a trial court relied on an erroneous reason as the basis for its determination." *O'Neal v. State*, 2020-Ohio-506, 146 N.E.3d 605, ¶ 20 (10th Dist.), citing *Hassey v. Columbus*, 2018-Ohio-3958, 111 N.E.3d 1253, ¶ 33 (10th Dist.), and *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). "'[A]n appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.'" *Id.* at ¶ 20, quoting *Reynolds v. Budzik,* 134 Ohio App.3d 844, 846, 732 N.E.2d 485 (6th Dist.1999). Roberts, in this appeal, claims that the unauthenticated documentary evidence attached to its motion to dismiss conclusively demonstrates that the action is time barred because the parties terminated their relationship for the arbitration-related matter and those documents could have been considered by the trial court through the taking of judicial notice of the unauthenticated court filings attached to the motion to dismiss.

{¶ 15} Roberts asks this court to review the documentary evidence attached to the motion to dismiss in order to determine the accrual date of the statute of limitations irrespective of the fact that the trial court refused to consider the extraneous evidence. In the motion to dismiss, Roberts presented copies of documents alleged to establish the scope of their representation following the 2017 arbitration in order to determine when the attorney-client relationship for the arbitration transaction ceased.

{¶ 16} Even if the trial court had considered the voluminous documentary evidence attached to the motion to dismiss, the black-letter law is well settled: "A motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred." *Doe,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, at ¶ 11, citing *Velotta*, 69 Ohio St.2d 376, 433 N.E.2d 147, at paragraph three of the syllabus. Based on the allegations in the complaint, it cannot be determined that the action is time-barred and we cannot review the documentary evidence Roberts attached to determine when the parties terminated the attorney-client relationship for the particular transaction underlying the legal malpractice claims.

{¶ 17} As already discussed, nothing from the face of the complaint demonstrates when the attorney-client relationship for the particular legal transaction terminated. For that, extraneous evidence is a necessary consideration because Shaut alleges that Roberts "retained" Shaut's local counsel in New York for the purposes of appealing the arbitration award and that Roberts appeared on behalf

of Shaut in a related case and otherwise maintained the attorney-client relationship through August 30, 2019. "The determination of when an attorney-client relationship terminated is typically a factual question resolved by the trier of fact." *Kalski v. Bartimole*, 2020-Ohio-4137, 157 N.E.3d 436, ¶ 36 (8th Dist.), citing *Kinasz v. Dickson*, 2018-Ohio-1754, 110 N.E.3d 1034, ¶ 22 (8th Dist.), and *Mobberly v. Hendricks*, 98 Ohio App.3d 839, 843, 649 N.E.2d 1247 (9th Dist.1994). Thus, the termination of the attorney-client relationship is dependent on a factual record, beyond the purview of Civ.R. 12(B)(6).

{¶ 18} The only remaining question, therefore, is whether a court may take judicial notice of unauthenticated court filings attached to a motion to dismiss. Under Evid.R. 201(B), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." As the Supreme Court of Ohio has recognized, courts "may take judicial notice of *appropriate matters* in considering a motion to dismiss for failure to state a claim" without having to consider the matter as a motion for summary judgment. (Emphasis added.) *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 661 N.E.2d 170 (1996). The operative phrase is "appropriate matters." Not all facts are capable of being judicially noticed.

{¶ 19} Although courts may take judicial notice of facts under Evid.R. 201(B), parties cannot request consideration of the documentary evidence, such as

documents filed with another court, without those documents being properly authenticated.[1] *Uren v. Scoville*, 1st Dist. Hamilton No. C-170438, 2021-Ohio-3425, ¶ 23. Judicial notice of the adjudicative facts contained in earlier cases is not permissible nor can it be used to authenticate documents. *Natl. Distillers & Chem. Corp. v. Limbach*, 71 Ohio St.3d 214, 216, 643 N.E.2d 101 (1994); *see also Uren* (taking judicial notice that a plea agreement was docketed is permissible, but courts cannot take judicial notice of the actual plea agreement or the contents therein); *State ex rel. Jones v. Hogan*, Slip Opinion No. 2021-Ohio-3567, ¶ 11 (a list of the state's exhibits in another proceeding, written reports of police interviews of him and three other individuals, a document that appears to be a log of a call to the police concerning the incident for which he was convicted, and a document that appears to be part of an evidentiary stipulation from another case are not documents that may be judicially noticed); *Cook v. NL Industries, Inc.*, 8th Dist. Cuyahoga Nos. 98911 and 99522, 2013-Ohio-5119, ¶ 42, citing *NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 16 (8th Dist.) (courts cannot take judicial notice of matters in unrelated cases even where it presided over those other cases for the purposes of Civ.R. 12(B)(6)).

---

[1] Although the Ohio Supreme Court has taken judicial notice of a court filing for the purposes of affirming an appellate court's decision under Civ.R. 12(B)(6) to dismiss a writ of prohibition, it has done so based on the court's "plenary authority in extraordinary actions [that] permits us to consider the instant appeal as if it had been filed in this court originally" and in cases in which the parties agree to the underlying fact to be judicially noticed. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 9, quoting S*tate ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.*, 79 Ohio St.3d 216, 220, 680 N.E.2d 993 (1997). *McIntosh* does not supersede or overrule *Limbach*.

{¶ 20} In this case, Roberts claims in part, for example, that a foreign judgment action filed in Cuyahoga County seeking to recognize the final New York judgment entered upon the arbitration proceedings demonstrates that the parties terminated the attorney-client relationship for the arbitration transaction because Shaut represented himself. The docket from that case, even if the docket itself could be judicially noticed for the truth of the matter asserted without obtaining a certified copy from the local clerk of courts, does not establish that the foreign judgment action is based on the final judgment entered from the arbitration proceedings.

{¶ 21} In order to determine that the foreign judgment action pertained to the arbitration underlying the allegations in the first amended complaint, the certified copy of the foreign judgment filed must be considered. The docket itself does not establish that the action was based on the arbitration proceeding relating to the allegations in the complaint. In order for that certified foreign judgment to be admissible with relevant information, the party presenting the evidence must authenticate the document. Evid.R. 902; Evid.R. 803(8); s*ee also Soliel Tans, L.L.C. v. Timber Bentley Coe, L.L.C.*, 8th Dist. Cuyahoga No. 108125, 2019-Ohio-4889, ¶ 43 (defendant presented certified copies of the court documents, which are therefore admissible). Courts may not take judicial notice of documents filed upon another court's docket in circumvention of the rules of authentication.

{¶ 22} In *Soliel*, for example, the defendant filed a motion to dismiss, but recognized that the trial court would be required to review the content of earlier proceedings between the parties to establish a defense to the complaint. *Id.* The

defendant attached a copy of a complaint, an affidavit, various journal entries, and an answer all filed in other court actions. *Id.* at ¶ 13. The defendant successfully sought to have the motion to dismiss treated as one for summary judgment with the trial court providing the requisite notice to the plaintiff based on the extraneous documentary evidence. *Id.* at ¶ 16. In the ensuing appeal, the panel affirmed the trial court's decision to consider the motion to dismiss under Civ.R. 56 based on the defendant's request for consideration of other court cases. *Id.* at ¶ 24; *see also Ghaster v. Rocky River*, 8th Dist. Cuyahoga No. 99779, 2013-Ohio-5587, ¶ 19 (in resolving the Civ.R. 12(B)(6) motion, the trial court improperly considered other proceedings to determine when the statute of limitations accrued); *Harris v. Pro-Lawn Landscaping, Inc.*, 8th Dist. Cuyahoga No. 97302, 2012-Ohio-498, ¶ 9 (trial court erred in considering other proceedings to determine the applicability of the Savings Statute upon a Civ.R. 12 motion to dismiss); *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-270, 2019-Ohio-4871, ¶ 21 (court did not err by refusing to take judicial notice of the contents of documents filed in other proceedings). We cannot create two standards by affirming the dismissal in this case based on review of documents filed in other actions through Civ.R. 12(B)(6) and maintain adherence to *Soliel,* which affirmed the same course of action under a motion to dismiss that was considered under Civ.R. 56. It is one or the other. *Soliel* affirmed a trial court's decision to consider documents filed in other court cases concluding that such documents could not be considered under Civ.R. 12(B)(6). The same conclusion applies here.

**{¶ 23}** Based on a de novo review of the trial court proceedings, we conclude the trial court erred in dismissing the action. In addition, we cannot consider documents and evidence outside the pleadings that were attached to the defendants' motion to dismiss in order to find an alternative basis to affirm the trial court's decision.

**{¶ 24}** Judgment reversed and case remanded for further proceedings.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, P.J., CONCURS;
MICHELLE J. SHEEHAN, J., DISSENTS (WITH SEPARATE OPINION)


MICHELLE J. SHEEHAN, J., DISSENTING:

**{¶ 25}** Respectfully, I offer another perspective in this Civ.R. 12(B)(6) matter. While I generally agree with the law set forth by the majority opinion that the trial court is limited to the four corners of the complaint when considering a Civ.R. 12(B)(6) motion to dismiss, case law authority permits the trial court to take

judicial notice of appropriate matters in considering a motion to dismiss. To grant Roberts's motion to dismiss on the statute-of-limitations grounds, the trial court need only take judicial notice of the date of filing of a closely related case on its own docket. Based on my review of the record, I believe Shaut's legal malpractice complaint was properly dismissed as barred by the statute of limitations.

{¶ 26} The background of the underlying case in this legal malpractice suit was summarized in *Shaut v. Natl. Cas. Co.*, 2021-Ohio-2522, 176 N.E.3d 1122 (8th Dist.) Employees of companies Shaut was affiliated with alleged that Shaut and other individuals operated an employment Ponzi scheme and the employees had been fraudulently induced into entering employment agreements and investing in the companies. The matter went to arbitration in New York. Shaut, himself an attorney, retained Roberts to represent him in the arbitration. Shaut claimed Roberts committed malpractice in failing to follow his legal advice in the arbitration case and also failing to properly file an appeal from the arbitration award in a federal court in Ohio.

**The Allegations in the Complaint**

{¶ 27} At the conclusion of the arbitration case, *Hart v. Downing Invest. Partners*, American Arbitration Association Case No. 01-16-0005-1632, the AAA issued an award in favor of the plaintiffs, who then filed a case in a New York state court to confirm the arbitration award. Shaut retained New York counsel to represent him in the case. Meanwhile, Roberts filed a motion to vacate the arbitration award in the United States District Court for the Northern District of

Ohio. Shaut's allegations in the amended complaint ("complaint") reflects that this was the last filing regarding the arbitration matter by Roberts as Shaut's counsel. The district court dismissed the case, and as Shaut alleged, the dismissal led to the loss of his appeal in the New York court and the *Hart* plaintiffs obtained a final judgment from that court on the arbitration award. Thereafter, the *Hart* plaintiffs filed Cuyahoga C.P. No. CV-19-910808 in the Cuyahoga County Court of Common Pleas to enforce the New York judgment. As alleged in the complaint, Shaut represented himself in the common pleas court case, which the court subsequently decided in favor of the plaintiffs and issued a judgment of $ 2.5 million. The common pleas court's docket shows that No. CV-19-910808 was filed on July 31, 2019.

{¶ 28} While the complaint cited other cases (relating to the fraudulent employment scheme) where Roberts also represented Shaut, Shaut's complaint only alleged Roberts committed legal malpractice in his representation of Shaut in the AAA arbitration; specifically, he alleged Roberts failed to file counterclaims against a codefendant and failed to file the codefendant's deposition testimony. He also alleged Roberts failed to properly file the subsequent appeal from the arbitration award in the district court in Ohio.

**Accrual of a Legal Malpractice Claim**

{¶ 29} Pursuant to *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), Shaut's legal malpractice action accrued and the one-year statute of limitations began to run when there was a "cognizable event" whereby

Shaut discovered or should have discovered his alleged injury was related to Roberts's conduct, or when the attorney-client relationship for the "particular transaction or undertaking" — the arbitration and the related appeal — terminated, whichever occurred later.

**"Cognizable Event"**

{¶ 30} According to the allegations of the complaint, the "cognizable event" sufficient to put Shaut on notice of the alleged malpractice and triggering the one-year statute of limitations was the AAA's issuance of the arbitration award and the dismissal of Shaut's appeal from the arbitration award in the Ohio district court. *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 58 (a "cognizable event" is an event that is sufficient to alert a reasonable person that his attorney may have committed an improper act and that further investigation is needed).   The later of these two events — the federal court's dismissal of the appeal — occurred on July 24, 2018, as Shaut alleged in the complaint.   Based on the allegations of the complaint, therefore, the legal malpractice action accrued at that time and the one-year statute of limitations had run by the time Shaut filed the instant case on August 25, 2020.

**Termination of the Attorney-Client Relationship for the "Particular Transaction or Undertaking"**

{¶ 31} Regarding the "particular transaction or undertaking" giving rise to the Shaut's legal malpractice claim, paragraph 14 of the complaint states: "Defendants' representation of Plaintiff during the Hart Arbitration proceeding

failed to meet the standards of care in the legal profession in five significant aspects." In addition, the first paragraph of the "demand letter," which Shaut attached to his complaint, states that "[t]he demand at issue is based on your past representation of me, Michael Shaut, as lead counsel during an employment and securities law based arbitration complaint."

{¶ 32} Consequently, for purposes of the statute of limitations, we only look to the date of the termination of the attorney-client relationship in the arbitration matter and the related appeal — the "particular transaction or undertaking" in this legal malpractice case. *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, ¶ 4 (reaffirming the particular-transaction set forth in *Zimmie*, 43 Ohio St.3d 54, 538 N.E.2d 398).

{¶ 33} In this regard, paragraph 28 of the complaint states that "the Hart Arbitration Petitioners [] filed to enroll their New York Judgment as Plaintiff's Judgment Creditors in the Cuyahoga County Court of Common Pleas Case No. CV-19-919080. Plaintiff represented himself pro se. * * *." Based on this allegation, the attorney-client relationship for the "particular transaction or undertaking" terminated when the *Hart* plaintiffs registered the final judgment regarding the arbitration award from New York in the common pleas court because Roberts no longer represented Shaut in the subject arbitration matter.

{¶ 34} While Shaut alleged in the complaint that Roberts never terminated the attorney client relationship, a formal letter of termination is not required to extinguish the attorney-client relationship. *Kalski v. Bartimole*, 2020-Ohio-4137,

157 N.E.3d 436, ¶ 38 (8th Dist.), citing *Brown v. Johnstone*, 5 Ohio App.3d 165, 166-167, 450 N.E.2d 693 (9th Dist.1982). Rather, "'the attorney-client relationship is consensual in nature and the action of either party can affect its continuance.'" *Id.* at ¶ 37, quoting *Brown* at 167. Furthermore, "Ohio law generally recognizes that the retention of new counsel to handle issues previously managed by a former attorney indicates the former attorney-client relationship has been terminated." *Id.* at ¶ 38, citing *Accelerated Sys. Integration, Inc. v. Ritzler, Coughlin & Swansinger, Ltd.*, 8th Dist. Cuyahoga No. 97481, 2012-Ohio-3803, ¶ 50.

{¶ 35} The attorney-client relationship terminated in the arbitration matter — the "particular transaction or undertaking" — when the *Hart* plaintiffs, having obtained the final judgment regarding their arbitration award, filed the common pleas court case as judgment creditors to collect the arbitration award on July 31, 2019. According to Shaut's allegation, he "represented himself pro se in the matter as he had exhausted all of his financial resources." While the court has held that it is "not necessary to specify facts to defend from a statute of limitations defense," *Warren v. Estate of Durham*, 9th Dist. Summit No. 25624, 2011-Ohio-6416, ¶ 6, quoting *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, ¶ 29, fn. 11, and while Shaut was not required to demonstrate in the complaint that his claim was not time barred, Shaut's own allegations in the complaint establish that Roberts's service as counsel in the arbitration matter had been terminated no later than the day the *Hart* plaintiffs filed the common pleas case, regardless of Shaut's vague allusion to a April 2019 meeting where some

"confidential matters" concerning Shaut were discussed and Roberts "represented that he was Plaintiff's lawyer and sat through the entire meeting."

**Judicial Notice**

{¶ 36} While the complaint did not specify the date the *Hart* plaintiffs filed the common pleas court case, based on the case law authority, I believe the fact that CV-919080 was filed on July 31, 2019, can be judicially noticed, for the following reasons.

{¶ 37} In *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, a writ case, the Supreme Court of Ohio addressed the question of whether it was error for the Tenth District court to take judicial notice of its prior dismissal entry and granted a Civ.R. 12(B)(6) motion to deny the writ. The Supreme Court of Ohio acknowledged that it has been held that the courts may not take judicial notice of their own *proceedings* in other cases. It explained, however, that the rationale for these holdings is that the prior proceedings are not part of the record on appeal and, therefore, the appellate court cannot review whether the trial court correctly *interpreted* such prior proceedings. *Id.* at ¶ 7. The court in *Everhart* held that it was proper for the prior dismissal entry to be judicially noticed because that entry was made part of the record and parties agreed that the Tenth District did dismiss the prior appeal. *Everhart* at ¶ 9-10. In other words, the extraneous matter — the dismissal of the prior appeal — can be considered in a Civ.R. 12(B) motion when the dismissal entry was part of the record and no "interpretation" of the prior proceeding was required to ascertain the matter.

{¶ 38} It appears that *Everhart* can be relied upon as authority for affirming the trial court's decision here.  The only "extraneous matter" to be judicially noticed in this case for the trial court to grant Roberts's Civ.R. 12(B)(6) motion to dismiss on the ground of statute of limitations is the fact that the common pleas court's case No. CV-919080 was filed July 31, 2019.  The docket sheet of that case number from the trial court is part of the record before us, and no "interpretation" of the prior proceeding is required — the only matter to be ascertained is the date of the filing.

{¶ 39} Evid.R. 201(B) states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Here, the filing date of a case in the court's own docket is certainly capable of accurate and ready determination.  *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994) ("It is axiomatic that a trial court may take judicial notice of its own docket."); *Summit Cty. Children Servs. v. Stucki*, 9th Dist. Summit No. 29911, 2021-Ohio-4584 (a court may take notice of the docket in a closely related case to determine whether the current complaint states a claim for relief).  *See also Uren v. Scoville*, 1st Dist. Hamilton No. C-170438, 2021-Ohio-3425, ¶ 23 (noting that taking judicial notice that a plea agreement is *docketed* in a criminal case is permissible under Evid.R. 201(B) but taking judicial notice of that document is not permitted).

**{¶ 40}** In reaching its decision, the court in *Everhart* affirmed the principle that the court can take judicial notice of "appropriate matters" in determining Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *Id.,* 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, at ¶ 10, citing *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26, citing *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 16, 661 N.E.2d 170. I believe the holding is applicable under the unique circumstances of this case. While it is improper to consider extraneous materials without converting a motion to dismiss to a motion for summary judgment in many instances, it does not appear necessary in this case to convert the motion to dismiss to a summary judgment proceeding just so that the trial court could take note of the date of a case's filing in its own docket.

**{¶ 41}** While the termination of an attorney-client relationship is typically a factual question resolved by the trier of fact, *Kinasz v. Dickson*, 2018-Ohio-1754, 110 N.E.3d 1034, ¶ 22 (8th Dist.), based on the allegations in the instant complaint, there appears to be no set of facts permitting a conclusion that the attorney-client relationship for the arbitration matter existed as of August 25, 2019, a year before the legal malpractice complaint was filed. Upon a de novo review, I would conclude that the trial court did not err in granting Roberts's motion to dismiss because it was barred by the one-year statute of limitations for a legal malpractice claim. For these reasons, I respectfully dissent.