[Cite as *Omnia Med., L.L.C. v. Overmann*, 2026-Ohio-1648.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

OMNIA MEDICAL LLC, :

    Plaintiff-Appellant, :

                                  No. 115404

    v. :

JACI OVERMANN, ET AL., :

    Defendants-Appellees. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 7, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-115268

---

### *Appearances:*

Novak LLP and William J. Novak, *for appellant.*

Gallagher Sharp LLP, Monica A. Sansalone, and Lori E. Brown, *for appellees.*

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant Omnia Medical LLC ("Omnia") appeals the decision of the Cuyahoga County Court of Common Pleas granting defendants-appellees Jaci Overmann ("Jaci") and Dinsmore and Shohl LLP's (collectively referred to as "Overmann") Civ.R. 12(B)(6) motion to dismiss Omnia's complaint for legal malpractice. In its decision, the trial court concluded that the action was

commenced beyond the one-year-statute of limitations imposed for legal malpractice claims under R.C. 2305.11(A). Upon reviewing the record before us, we reverse the trial court's decision and remand the case for further proceedings.

{¶ 2} Omnia raises the following two assignments of error for our review:

**Assignment of Error I:** When a lawyer licensed to practice in the State of Ohio, files a motion pro hac vice in a foreign jurisdiction, that jurisdiction's law will control the termination date of the attorney/client relationship.

**Assignment of Error II:** When faced with a motion to dismiss based on the statute of limitations discovery rule, "cognizable event," in a legal malpractice case, the trial court must limit its review to the complaint itself.

## I. Facts and Procedural History

{¶ 3} On April 7, 2024, Omnia, a business located in West Virginia, doing business in Ohio, commenced a legal-malpractice action alleging that Overmann was negligent in its representation of Omnia in an intellectual property matter being litigated in the State of Florida. The complaint stated that Jaci, a licensed attorney in the State of Ohio and a former partner with the Cleveland, Ohio law firm of Dinsmore and Schol LLP, represented Omnia, in the United States District Court for the Middle District of Florida in Case No. 8:22-cv-00145-VMC-TGW. The complaint alleged that "[o]n or about April 4, 2024, [Jaci] filed a motion to withdraw from further representing [Omnia] in the [intellectual property] matters, without [Omnia's] knowledge and consent, with the actual termination date occurring on April 5, 2024." (Compl. ¶ 6.) The complaint further alleged that Overmann was

negligent in its representation of Omnia for the following six reasons, including, but not limited to:

a) Failing to assure that [Omnia] would continue to receive competent representation in their intellectual property litigation matters following [Jaci's] departure from the Dismore firm;

b) Abandoning [Omnia] in the middle of litigation with a pending trial date, requiring [Omnia] to seek and retain new counsel at additional costs;

c) Failing to formally request continuances from the courts regarding matters so that [Omnia] could timely obtain new counsel without prejudice;

d) Failing to recognize that as a result of [Jaci's] motion to withdraw, [Omnia] was required to obtain new counsel resulting in significant legal fees to "get up, to speed";

e) Failing to appropriately accommodate the transfer of files and work product subsequent to April 5, 2024, from one firm to another to minimize excessive legal fees and loss to [Omnia's] litigation matters;

f) Failing to represent [Omnia] competently.

(Compl. ¶ 8.) Omnia asserted that as a result of the negligence of Overmann, Omnia "incurred unnecessary legal fees with a diminution of the value of its litigation" and sought damages in excess of $25,000, plus attorney fees and costs. (Compl. ¶ 9.)

{¶ 4} In response to the complaint filed against them, Overmann filed a joint motion to dismiss pursuant to Civ.R. 12(B)(6), asserting that the complaint was time-barred by the one-year statute of limitation set forth in R.C. 2305.11(A). According to Overmann, the complaint established the alleged malpractice occurred before the attorney-client relationship terminated or at the latest April 4, 2024, when Overmann filed its motion for withdrawal. Because Omnia did not file its

complaint until April 7, 2025, which was more than one year after April 4, 2024, Overmann claims the complaint is untimely and time-barred, citing *Smith v. Conley*, 2006-Ohio-2035.

{¶ 5} In addition, Overmann requested that the trial court take judicial notice of court filings made in the Florida litigation that were attached as exhibits to their motion to dismiss, which included Jaci's motion to withdraw filed on April 4, 2024, as well as the court order granting Jaci's motion on April 5, 2024. (Omnia's motion to dismiss, exh. A & B.)

{¶ 6} In its brief in opposition, Omnia asserted that the one-year statute of limitations expired at the earliest on April 5, 2025, when the federal court *granted* Overmann's motion to withdraw not when the motion was filed. Omnia further asserted that, at the latest, it was when Omnia discovered the cognizable event, which was when Overmann turned over the files and work product from the Florida litigation to another law firm. Omnia argued that under both the termination prong and the discovery prong of R.C. 2305.11, the complaint was timely filed on Monday, April 7, 2025, because April 5, 2025, was a Saturday. Therefore, Omnia argued that the complaint met the applicable one-year statute of limitations. Omnia also attached three exhibits to its brief in opposition, which included Overmann's motion to withdraw, the court's order granting the motion, and Overmann's motion to appear pro hac vice.

{¶ 7} In addition, Omnia argued that Overmann agreed, by virtue of their pro hac vice admission, that the rules of the federal court in Florida control, which

state that the withdrawal is not effective until the court grants the motion, which was on April 5, 2024. Omnia also argued that when deciding a motion to dismiss under Civ.R. 12(B)(6), the trial court may only look at the four corners of the complaint. Lastly, Omnia claimed that issues of fact existed as to the discovery of the cognizable event; thus, dismissal of the complaint would be premature.

{¶ 8} In its reply to Omnia's arguments, Overmann again cited the Ohio Supreme Court's decision in *Conley* and argued that the local rules of Ohio control the termination of the attorney-client relationship because the legal malpractice suit was filed in Ohio, not Florida. Further the actions of the parties support the April 4 date as the actual termination date of the attorney-client relationship, as well as the cognizable event.

{¶ 9} On June 5, 2025, the trial court issued the following order:

> [Omnia] has presented this court with materials outside of the pleadings to be considered in response to [Overmann's] motion to dismiss. This court hereby notifies the parties that, pursuant to Civ.R. 12(B), it will treat [Overmann's] motion as a motion for summary judgment. Parties are to submit any additional materials permitted by Civ.R. 56 in support of their briefs on or before 06/12/25.

(Journal Entry, June 4, 2025.)

{¶ 10} The very next day, Omnia filed a motion for reconsideration, asking the trial court to reconsider its June 5 order converting Overmann's dismissal motion to a summary-judgment motion. Omnia requested the trial court consider "documents or exhibits that can be attached and used in support of or contra to motions to dismiss which are never considered outside the four corners of the

pleadings." (Omnia's motion to reconsider, p. 2.) Within this motion, Omnia also referenced footnote 1 of Overmann's motion to dismiss, which asked the trial court to take judicial notice of the documents filed in the Florida litigation, namely the exhibits the parties attached to its briefs. Although Omnia did not want the motion to dismiss converted to a motion for summary judgment, Omnia argued the trial court should consider the exhibits when ruling on the motion to dismiss because neither party objected to the exhibits and the trial court may take judicial notice of official court filings readily accessible from the internet.

{¶ 11} Even though the trial court's docket does not reflect a ruling made upon Omnia's motion for reconsideration, it does show that on June 11, 2025, the trial court issued the following order vacating its June 5 order:

> When ruling on a motion to dismiss made pursuant to Civ.R. 12(B), this court is permitted to consider "documents attached to or incorporated in the complaint[.]" *NCH Healthcare, Inc. v. Candlewood Partners, LLC*, 2005-Ohio-1669, [¶] 20 (8th Dist.), quoting *State ex rel. Crabtree v. Franklin County Bd. of Health*, 77 Ohio St. 3d 347 (1997).

> [Omnia's] complaint states that "this matter arises out of the [Overmann's] representation of plaintiff in intellectual property matters, including, but not limited to Omnia Medical LLC v. Pain Teq, 8:22-CV-00145-VMC-TGW." (Compl. At P 6.) [Omnia] then alleges that "on or about April 4, 2024, Defendant Overmann filed a motion to withdraw from further representing [Omnia] in the foregoing litigation matters * * * with the actual termination date occurring on April 5, 2024." (Comp. at P 7.) While not attached to the complaint, this court finds that [Omnia's] complaint incorporates these two events into her complaint, namely, the date [Jaci] filed her motion to withdraw and the date said motion was granted by the court. See *Richardson v. Clinical Computing PLC*, 2016-Ohio-8065, [¶] 34 (1st Dist.), (Finding that a contract referenced in, but not attached to, the complaint was "incorporated into" the complaint for purposes of ruling on a motion to dismiss). For this reason, this court vacates its 06/05/2025 order

converting [Overmann's] motion to dismiss as a motion for summary judgment. This court will issue a decision on [Overmann's] motion to dismiss forthwith.

(Journal entry, June 11, 2025.)

{¶ 12} On July 10, 2025, the trial court issued an order and opinion granting Overmann's May 8, 2025 motion to dismiss. It is from this order that Omnia has timely appealed.

## II. Law and Analysis

### A. Standard of Review

{¶ 13} We review a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Properties v. Petticord*, 2008-Ohio-5996, ¶ 11 (8th Dist.). *See also Schneider v. Cuyahoga Cty. Bd. Of Cty. Commrs.*, 2013-Ohio-1900, ¶ 2 (8th Dist.), citing *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995).

### B. Motion to Dismiss pursuant to Civ.R. 12(B)(6)

{¶ 14} A motion to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "The mov[ing party] may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment." *Id.* To dismiss a complaint

for failure to state a claim upon which relief can be granted, the trial court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997).

{¶ 15} When reviewing the sufficiency of a complaint, this court is mindful that Civ.R. 8(A) provides for notice pleading, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the party claims to be entitled." *Katz v. Univ. Hosps. Health Sys.*, 2022-Ohio-3328, ¶ 12 (8th Dist.). Furthermore, "[a] motion to dismiss based upon a statute of limitations may be granted when the complaint shows *conclusively* on its face that the action is time-barred." (Emphasis added.) *Doe v. Archdiocese of Cincinnati,* 2006-Ohio-2625, ¶ 11, citing *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus.

{¶ 16} In this case, the trial court granted Overmann's motion to dismiss filed pursuant to Civ.R. 12(B)(6) finding that Omnia's complaint for legal malpractice was time-barred.

### C. Statute of Limitations

{¶ 17} The "[a]pplication of a statute of limitations presents a mixed question of law and fact; when a cause of action accrues is a question of fact, but in the absence of a factual issue, application of the limitations period is a question of

law." *Schmitz v. NCAA*, 2018-Ohio-4391, ¶ 11, citing *Wells v. C.J. Mahan Constr. Co.*, 2006-Ohio-1831, ¶ 25 (10th Dist.). R.C. 2305.11(A) provides that an action for legal malpractice against an attorney or law firm "shall be commenced within one year after the cause of action accrued[.]"

> "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a *cognizable event* whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney *or when the attorney-client relationship for that particular transaction or undertaking terminates*, whichever occurs later."

(Emphasis added.) *Conley*, 2006-Ohio-2035, ¶ 4, quoting *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), syllabus, and citing *Omni-Food & Fashion, Inc. v. Smith*, 38 Ohio St.3d 385 (1988). The statute-of-limitations analysis in a legal malpractice case requires two factual inquiries: "(1) When should the client have known that he or she may have an injury caused by his or her attorney? and (2) When did the attorney-client relationship terminate? The latter of those dates is the date that starts the running of the statute of limitations." *Conley* at ¶ 4, citing *Zimmie* at syllabus, and *Omni-Food* at paragraph one of the syllabus.

### 1. Affirmative Defense

{¶ 18} Under Ohio law, the statute of limitations is an affirmative defense. Civ.R. 8(c). "[T]he difficulty of successfully asserting an affirmative defense in a Civ.R. 12(B)(6) motion to dismiss" has long been recognized because "'affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised successfully in a Civ.R. 12(B)(6) motion.'" *Schmitz v. NCAA*, 2018-Ohio-

4391, ¶ 14, quoting *Main v. Lima*, 2015-Ohio-2572 (3d Dist.), and citing *Savoy v. Univ. of Akron*, 2012-Ohio-1962, ¶ 6-7 (10th Dist.) (Kennedy, J., concurring in part) (noting that "the better procedure is to address affirmative defenses by way of a motion for summary judgment that will allow introduction of additional facts beyond the complaint").

{¶ 19} This court has held that the burden of proving the applicability of the statute of limitations rests upon the defendants, not the plaintiff, because "[a] plaintiff is not required to plead with specificity to avoid application of the statute of limitations." *Shaut v. Roberts*, 2022-Ohio-817, ¶ 6 (8th Dist.), quoting *Warren v. Estate of Durham*, 2011-Ohio-6416, ¶ 6 (9th Dist.), citing *Irvin v. Am. Gen. Fin., Inc.*, 2005-Ohio-3523, ¶ 29, fn. 11 (5th Dist.).

{¶ 20} With the foregoing law in mind, we consider whether on the face of the complaint, it can be determined that the legal malpractice cause of action accrued over a year before the filing of the complaint.

### 2. Cognizable Event or Relationship Terminated

{¶ 21} Within the assigned errors, the parties dispute what qualifies as the cognizable event, as well as when the attorney-client relationship terminated. Importantly, the latter of these two events determines when Omnia's claim accrued. *Conley* at ¶ 4.[1]

---

[1] We note that *Conley* involves a motion for summary judgment; however, the law regarding the statute of limitations for legal-malpractice claims applies to this case.

{¶ 22} Omnia argues that the malpractice claim accrued after April 5, 2024, or at the earliest April 5, 2024. According to Omnia, the cognizable event occurred after April 5, 2024, when Overmann turned over the files to a different law firm so that Omnia had time to discover the acts or omissions by Overmann that caused injury. Alternatively, Omnia argues that the attorney-client relationship ended on April 5, 2024, when the Florida federal court granted Jaci's motion to withdraw.

{¶ 23} Overmann, on the other hand, argues that April 4, 2024, is the latest date this court should consider because that is the date Jaci filed her motion to withdraw her representation of Omnia in the Florida federal case. In addition, Overmann argues that Omnia's complaint only contains allegations regarding Overmann's representation prior to Jaci's motion to withdraw; therefore, the latest date the claim accrued is April 4, 2024, when Jaci filed her motion to withdraw.

{¶ 24} "A 'cognizable event' is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation." *Asente v. Gargano*, 2004-Ohio-5069, ¶ 14 (10th Dist.), citing *Spencer v. McGill*, 87 Ohio App.3d 267, 278 (8th Dist. 1993). "[T]he focus should be on what the client was aware of and not an extrinsic judicial determination." *McDade v. Spencer*, 75 Ohio App.3d 639, 643 (10th Dist. 1991). "The 'cognizable event' puts the client on notice to investigate the facts and circumstances relevant to his or her claim in order to pursue remedies, and the plaintiff need not have discovered all of the relevant facts necessary to file a claim in order to trigger the statute of limitations." *Asente* at ¶ 14, citing *Flowers v. Walker*, 63 Ohio St.3d 546,

549 (1992).  The client need not be aware of the full extent of the injury before there is a cognizable event.  *Id.* citing *Zimmie*, supra, at 58.  "Rather, it is enough that some noteworthy event, the cognizable event, has occurred that does or should alert a reasonable person that a questionable legal practice may have occurred."  *Id.*, citing *Id.*

{¶ 25} The termination of the attorney-client relationship, however, depends on an affirmative act by either party that signals the end of the relationship.  *Kalski v. Bartimole*, 2020-Ohio-4137, ¶ 37 (8th Dist.), citing *O'Driscoll v. Paoloni*, 2016-Ohio-8520.  A communication that a relationship has ended may terminate the attorney-client relationship.

{¶ 26} In this case, the trial court concluded that

> [Jaci] filed her motion to withdraw on April 4, 2024.  Her motion also stated that [Omnia] consented to the withdrawal.  [Omnia] does not allege any additional acts taken by [Overmann] in furtherance of an attorney-client relationship beyond this date.  Thus, by April 4, 2024 at the latest, [Omnia] was aware that attorney-client relationship between itself and [Overmann] had terminated.  As a result, the statute of limitations began to run on that date.
>
> [Jaci's] motion to withdraw also served as a cognizable event by which [Omnia] was or should have been aware of a potential legal malpractice claim.

(Order, July 10, 2025.)

{¶ 27} The trial court concluded that the cognizable event and the termination of the attorney-relationship were on the same date, April 4, 2024.  This conclusion, however, disregards paragraph six of Omnia's complaint, wherein Omnia unambiguously pled that "[o]n or about April 4, 2024, [Jaci] filed a motion

to withdraw from further representing [Omnia] in the [intellectual property] matters, *without [Omnia's] knowledge and consent, with the actual termination date occurring on April 5, 2024.*" (Emphasis added.) (Compl. ¶ 6.) Indeed, we are required to accept as true the factual allegations of the nonmoving party Omnia in its complaint that April 5, 2024, is the actual termination date. When we accept the date April 5, 2024, as true, Omnia's complaint was filed within the one-year statute of limitations because April 5, 2025, falls on a Saturday; therefore, the complaint being filed on the following Monday is permitted.

{¶ 28} Furthermore, in paragraph eight of the complaint, Omnia alleged that Overmann was negligent when it failed to "appropriately accommodate the transfer of files and work product subsequent to April 5, 2024, from one firm to another to minimize excessive legal fees and loss to [Omnia's] litigation matters[.]" (Compl. ¶ 8e.) This allegation, if accepted as true, which is required when considering a Civ.R. 12(B)(6) motion to dismiss, establishes that the earliest cognizable date is after April 5, 2024.

{¶ 29} We note that the parties spend much time in their briefs debating whether Ohio's law or Florida's law applies to determine the date that the attorney-client relationship terminated; however, it is unnecessary for our review in this matter because we must accept all the factual allegations in the complaint as true and the complaint specifically stated that the attorney-client relationship terminated on April 5, 2024. (Compl. ¶ 6.)

**{¶ 30}** In conclusion, after accepting all the factual allegations of the complaint as true and drawing all reasonable inferences in favor of the nonmoving party, Omnia, we find that Omnia's claim accrued, at the earliest, April 5, 2024. Therefore, the complaint was filed within the applicable one-year statute of limitations, and the trial court erred in dismissing the action.

**{¶ 31}** Judgment reversed, and case remanded for further proceedings.

It is ordered that appellant recover costs from the appellees herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
EILEEN A. GALLAGHER, J., CONCUR